# MARY R. EVANISH AND OTHERS v. V. F. W. POST NO. 2717, ELY, MINNESOTA.

## 130 N. W. (2d) 331.

August 28, 1964—Nos. 39,111 to 39,115.

*Montague, Applequist, Lyons, Nolan, Donovan & Knetsch* and *Charles T. Barnes*, for appellant.

*Wangensteen & Bangs,* for respondents.

OTIS, JUSTICE.

These consolidated actions arise out of personal injuries occasioned by the explosion of a firecracker on the premises operated by defendant as a bar. Plaintiffs had verdicts, and defendant appeals from the resulting judgments.

The facts are not in serious dispute. It appears that from June 14 to June 18, 1961, defendant acted as host to a convention of Veterans of Foreign Wars in the city of Ely. Pursuant to Minn. St. 340.11, subd. 6, defendant operated a bar under a special license limiting patronage

to members of the organization. The evidence is undisputed, however, that the general public was admitted and served, without any pretense on the part of defendant of confining sales to members.

The only eyewitness account of the incident, which occurred on June 17, 1961, was given by a visitor to the convention as follows:

"I was standing in the vestibule there waiting for a car * * *.

"* * * [T]hat is the reason I was by the door. * * * But as I was standing there, a fellow came in about my age, maybe a little younger. I'd say between 35 and 38, a little slighter of build than I was. And as soon as he walked into the first door he took a cigarette and lit this firecracker and dropped it. And he dropped it and walked right on in, and by the time he passed me he was actually inside the barroom, the place itself, it exploded with a deafening roar."

On cross-examination he added:

"A.   * * * I first noticed him in the doorway when he lit this firecracker with the cigarette.

"Q.   Now, do I understand that he came in off the public street?

"A.   Right.

"Q.   Got to this front or first door, lighted the firecracker from his cigarette, dropped it and kept right on walking?

"A.   Right.

"Q.   Now, this wouldn't take more than a second or two, I don't suppose, for that?

"A.   Well, a few seconds."

None of the plaintiffs was actually inside the building when injured. They were next to the front entrance and about to enter the vestibule. Mrs. Rom, Mrs. Evanish, and Mr. Pecha were struck by fragments. While there was testimony that firecrackers had been thrown into the street throughout the convention, and a cannon mounted on a hearse was intermittently fired, there was no evidence that firecrackers had been exploded inside the defendant's premises. Nor had any been discharged elsewhere in a way which was dangerous to anyone. The explosion was of an intensity not previously noted, and was characterized by various witnesses in the following language:

"It exploded with a deafening roar—I heard a lot of noise, big boom—it was a terrific sound like a big, homemade bomb or something. I never heard anything like that before—it was an awful, awful loud sound."

The eyewitness attempted to induce the offender to assume responsibility and identify himself, but was unsuccessful. While he was not belligerent, whether or not he had been drinking, the eyewitness was unable to say.

The single issue for our determination is whether the circumstances attending the holding of the convention constituted notice to defendant of the likelihood of injury to its patrons sufficient to impose liability for the wrongdoing of third persons. We are of the opinion that as a matter of law they did not.

The duty owed a patron by the proprietor of a bar has been clearly delineated in this state. A proprietor is not liable for an injury inflicted by one patron against another unless, by some overt act or threat, the proprietor is put on notice of the offending patron's vicious or violent propensities, and having had an adequate opportunity to protect the injured party, the proprietor fails to take reasonable steps to do so.[1]

Plaintiffs vigorously contend that defendant was put on notice of the likelihood of this injury by the unusual amount of drinking which occurred both on and off defendant's premises, by the intoxication of a number of patrons, by the size of the crowd, and by the generally raucous activities apparent in the vicinity of defendant's premises. It is conceded that defendant's bar was noisy and crowded as might be expected in a gathering of this kind. However, there is no support in the record for plaintiffs' claim that the boisterous conduct of the convention resulted in matters getting out of hand on defendant's premises, or that

[1]Mastad v. Swedish Brethren, 83 Minn. 40, 43, 85 N. W. 913, 914; Knight v. Powers Dry Goods Co. Inc. 225 Minn. 280, 286, 30 N. W. (2d) 536, 539; Priewe v. Bartz, 249 Minn. 488, 492, 83 N. W. (2d) 116, 119, 70 A. L. R. (2d) 621; Ruehling v. American Legion Pavilion, Inc. 255 Minn. 391, 392, 96 N. W. (2d) 702, 703; Swanson v. The Dugout, Inc. 256 Minn. 371, 98 N. W. (2d) 213.

failure to maintain order was a proximate cause of plaintiffs' injuries. In effect plaintiffs assert that since the entire convention was the project and promotion of defendant it therefore had an extraordinary duty to prevent injury to patrons on its premises. We do not agree that the sponsorship of the convention enlarged defendant's responsibilities beyond those owed by the proprietor of any place of amusement to its business invitees.

Applying the law to the facts, it is apparent that defendant had no opportunity whatever to prevent the explosion which resulted in plaintiffs' injuries. Nothing of the kind had previously taken place on the premises and, unlike the cases cited, defendant had absolutely no warning of the perpetrator's vicious intentions. He had barely stepped from the sidewalk into the vestibule when the firecracker was lighted and dropped. The whole incident occurred in a matter of seconds.

It would be wholly unrealistic to impose on proprietors the burden of searching everyone entering their premises, which is a logical extension of the rule for which plaintiffs contend. Furthermore, it is apparent that the explosion did not result from an ordinary firecracker of the kind which had previously been thrown into the street.

Plaintiffs assert that their claims are governed by the rule enunciated in Connolly v. The Nicollet Hotel, 254 Minn. 373, 95 N. W. (2d) 657, 74 A. L. R. (2d) 1227. There we held that a hotel was liable for injuries sustained by a pedestrian on a sidewalk who was struck by a mud bomb dropped from a hotel window. That case, however, is clearly distinguishable. For a considerable period of time prior to the injury the proprietors had had notice that pedestrians were being continuously bombarded by its guests. The situation had been out of hand to such a degree that previous to the accident the manager had described it in an inter-office memo as the most harrowing experience in operating the hotel that he had ever had. Under such circumstances, we held the risk was foreseeable and that the hotel should have taken reasonable precautions to put an end to the dangerous conditions which led to plaintiff's injuries. The court noted that it was not a case of "sporadic or isolated acts of which the owner did not have notice and in regard to which he had no opportunity to take steps to remove the

danger," but on the contrary was a situation where the disorderly conduct had continued for a number of days, and the management had failed to do anything to regain control. Since there is no evidence in the instant case of conduct on, or emanating from, defendant's premises which had previously posed a threat of danger to the public or to defendant's patrons, we hold that the Connolly rule has no application.

In the absence of circumstances putting defendant on notice, it is entitled to judgment as a matter of law.

Reversed.