RUTH L. WILDER v. W. T. GRANT COMPANY.

132 N. W. (2d) 852.

February 5, 1965—No. 39,433.

*Firestone, Fink, Krawetz, Miley & O'Neill* and *Joseph T. O'Neill,* for appellant.

*Stearns, Kampmeyer & Efron* and *Harry S. Stearns, Jr.,* for respondent.

KNUTSON, CHIEF JUSTICE.

This is an appeal from an order denying plaintiff's motion for judgment notwithstanding the verdict or a new trial after a directed verdict in favor of defendant.

The facts are not in dispute on this appeal and may be briefly stated. Defendant operates a department store in St. Paul. On May 27, 1961, plaintiff went to the store to make some purchases. While walking from one part of the store to another in an aisle about 5½ feet wide she came in close proximity with a pile of aluminum ladders. Someone moved one of the ladders so as to protrude out into the aisle in which she was walking, and it struck her on the bridge of her nose. The only evidence in the case concerning the movement of the ladders is the testimony of plaintiff herself. She said that she looked to the other end of the ladder and saw two well-dressed gentlemen. There is no indication as to who they may have been. She sues to recover for her injuries. The court directed a verdict for defendant on the ground that there was no evidence establishing negligence on the part of defendant.

Plaintiff proceeds on two premises. First, she claims that the jury should have been permitted to draw an inference that the well-dressed men she saw at the other end of the ladders were employees of defendant and that they negligently moved the ladders into her path, and, second, that if that theory is not tenable the jury should have been permitted to infer negligence from the manner in which the ladders were displayed.

1. Neither premise is tenable. An inference is a logical, permissible deduction from proven or admitted facts. State v. Meany, 262 Minn. 491, 115 N. W. (2d) 247; State v. Jones, 266 Minn. 526, 124 N. W. (2d) 729; 21 Wd. & Phr. (Perm. ed.) p. 564. An inference cannot rest on pure conjecture.

. Whether the two men plaintiff saw at the other end of the ladder were employees or strangers, on the state of the record before us, is

pure speculation. There is nothing to support an inference that they were employees of defendant.

2-3. The same is true of the second contention of plaintiff. There is absolutely no evidence to show that the ladders were not properly displayed in a manner that would not endanger those who came to the store to make purchases. To require a large department store to be responsible for the unexpected movement of merchandise in its store which is safely displayed if left alone would make the storekeeper an insurer of everyone who enters the store. This, we have held in many cases, is not the law. The law applicable to facts such as we have before us has been stated in a number of cases. It is stated in McDonough v. Newmans Cloak & Suit Co. 247 Minn. 250, 252, 77 N. W. (2d) 59, 61, 61 A. L. R. (2d) 100, where we said:

"* * * A shopkeeper has the duty to keep and maintain his business premises, including passageways, in a reasonably safe condition for use of customers or invitees. He is liable only for injuries resulting from his negligence and *is not an insurer* of the safety of his customers. * * *

"* * * the rule in Minnesota is that defendant would be negligent only (a) if the defendant or one of his employees placed the stand in the aisle where the accident occurred or saw it there, or (b) if the stand was in the aisle for such a length of time that defendant should have known it was there, i.e., constructive notice."

Here, there is no proof from which an inference can be drawn that the ladder was moved into the aisle by any of defendant's employees. Constructive notice is not involved because the ladder struck plaintiff as it was moved into the aisle and there was no time within which defendant, through its employees, could have discovered its presence there.

The trial court clearly was right in directing a verdict under these circumstances.

Affirmed.