## ANNA KIAKA v. S. S. KRESGE COMPANY, INC.

141 N. W. (2d) 129.

March 4, 1966—Nos. 39,655, 39,797.

*Lasley & Foster,* for appellant.
*Carroll, Cronan, Roth & Austin,* for respondent.

OTIS, JUSTICE.

Plaintiff, a business invitee, has recovered damages for injuries sustained in a fall on defendant's premises. The trial court set aside the verdict on the ground it was not justified by the evidence. Plaintiff appeals from an order granting defendant judgment n. o. v. and from the judgment.

The day of the accident was the Friday following Thanksgiving in 1961. Apparently it was a school holiday. Defendant's store was unusually busy and crowded. About a minute before plaintiff fell, a child approximately 12 years of age, accompanied by her mother, rushed past the floor manager, one Harold Adams, then engaged on the telephone. They were directed to the public restroom by a Mrs. Edson, one of the floor supervisors, because the child was vomiting profusely. Before Adams terminated his phone conversation, Mrs. Edson reported to him that the plaintiff had slipped and fallen on one of the pools created by the child. The sole issue is whether the jury could infer from the circumstantial evidence that the store manager was guilty of negligence in failing to act more promptly to prevent the injury.

Plaintiff forcefully argues that the jury could find Adams derelict in electing to remain on the telephone when he saw the young girl run past, realizing that her condition created an emergency and that Mrs. Edson required his assistance. Had he moved more quickly, plaintiff argues, the obvious hazards would have been materially reduced. Plaintiff fell only about 40 feet from where Adams stood, and it would have taken but a few seconds to reach the spot where the accident occurred. Plaintiff contends that if Adams had immediately terminated his conversation he could have covered the pools with paper bags which were available on the counters, summoned the assistance of about a dozen sales girls in the vicinity, and effectively blocked the aisles before anyone was hurt.

The evidence is uncontradicted that as Adams conversed he saw Mrs. Edson blocking the aisle with a cart and covering the pools with paper.

Although the entire area was affected by the child's illness, plaintiff's argument assumes that Adams would have hurried to the precise spot where plaintiff was about to fall before she did so. However, the conclusion is inescapable that the cleanup process would have logically begun where he was phoning, some 40 feet from the place of the accident. It is entirely a matter of conjecture whether in the brief period during which the entire episode occurred he could have reached the point of the fall in time to have prevented it.

Although a department store has an obligation to take prompt and effective measures to avoid accidents resulting from conditions created by customers after it has had notice of the conditions, it is not the insurer of its customers' safety. Wilder v. W. T. Grant Co. 270 Minn. 259, 132 N. W. (2d) 852. This is unlike the situation with which we were confronted in Carter v. Western Union Tel. Co. 270 Minn. 341, 133 N. W. (2d) 833, where after the hazardous condition was observed by an employee it went unattended for some 8 or 10 minutes.

We are in accord with the conclusions expressed by Judge Kenny in his memorandum:

"* * * The whole affair happened so quickly that, in the Court's opinion, it cannot be said that defendant's employees were guilty of negligence which proximately caused her injury."

The court relied on Mattson v. St. Luke's Hospital, 252 Minn. 230, 89 N. W. (2d) 743, 71 A. L. R. (2d) 422, where we stated (252 Minn. 233, 89 N. W. [2d] 745) that the "exercise of reasonable care for the safety of invitees requires neither the impossible nor the impractical." We therefore hold that the trial court was correct in granting defendant judgment n. o. v.

Affirmed.