# LOLA ANDERSON AND ANOTHER v.
# ST. THOMAS MORE NEWMAN CENTER.

178 N. W. (2d) 242.

May 29, 1970—No. 42126.

*Robert H. Simons,* for appellants.

*Gislason, Reim, Alsop & Dosland* and *James Malecki,* for respondent.

Heard before Knutson, C. J., and Nelson, Sheran, Peterson, and James F. Murphy, JJ.

SHERAN, JUSTICE.

Appeal from an order of the district court denying plaintiffs' motion for a new trial.

## FACTS

On January 15, 1968, at about 9 p. m. Lola Anderson slipped and fell on premises maintained by defendant at Mankato, Minnesota, and sustained damages by reason of personal injuries

giving rise to this action. At trial, evidence was adduced from which the jury could have inferred these facts:

The St. Thomas More Newman Center at Mankato, Minnesota, is a building which includes a lunchroom where refreshments may be purchased by persons such as Mrs. Anderson, who are invited to do so, expressly or impliedly. In reaching this lunchroom, persons such as Mrs. Anderson are authorized and permitted to use an entranceway which adjoins a parking lot at one side of the building. The entranceway consists of exterior doors affording entrance to a heated area equipped with a corrugated rubber mat. A second set of doors leads to a hallway which, in turn, affords access to the lunchroom.

At about 9 p. m. on January 15, 1968, Mrs. Anderson, then 59 years of age, accompanied by two friends, walked from an automobile in the parking lot through the entranceway which has been described. The three women wiped their feet on the corrugated mat and, moving through the second set of doors into the hallway, proceeded for a distance of approximately 15 feet when Mrs. Anderson stepped into a wet spot caused by "discolored and unclean water" which caused her to slip and fall.

At the time of the accident, a considerable number of persons had access to the hallway where the wet spot upon which Mrs. Anderson fell was located and, conceivably, the water which had collected there could have been melted ice or snow tracked into the building from the outside. The removable strips of carpeting which had been in place in the hallway on some occasions before the occurrence of the accident were not there when the accident happened.

## ISSUE

The trial court granted defendant's motion for a directed verdict and on this appeal, the issue is whether upon the facts as related the jury would have been justified in finding that Mrs. Anderson's injury was caused proximately by negligence on the part of defendant.

## DECISION

"Basic to liability of a keeper of premises is that negligence is predicated upon what should have been reasonably anticipated and not merely upon what happened." Ruehling v. American Legion Pavilion, Inc. 255 Minn. 391, 392, 96 N. W. (2d) 702, 703. An owner of business premises is not an insurer of safety of persons who come there even though upon invitation and for a business purpose. Hubbard v. Montgomery Ward & Co. Inc. 221 Minn. 133, 21 N. W. (2d) 229. "The exercise of reasonable care for safety of invitees requires neither the impossible nor the impractical, and carries with it the necessary implication that the actor shall have reasonable notice of the need for, and a reasonable opportunity to take, corrective action for the safety of invitees." Mattson v. St. Luke's Hospital of St. Paul, 252 Minn. 230, 233, 89 N. W. (2d) 743, 745, 71 A. L. R. (2d) 422, 425. See, Evanish v. V. F. W. Post No. 2717, 269 Minn. 209, 130 N. W. (2d) 331; Jones v. Whitaker Buick Co. 269 Minn. 50, 130 N. W. (2d) 334; Kiaka v. S. S. Kresge Co. Inc. 273 Minn. 278, 141 N. W. (2d). 129.

In light of these principles, we are satisfied that the trial court correctly directed a verdict in defendant's favor in the absence of any proof that the water on which Mrs. Anderson fell had been in existence there for such an appreciable period of time prior to the occurrence as to place defendant on notice, actual or constructive, of the danger to be apprehended. There is no direct evidence whatever as to the source of the water. Whether the wet spot resulted from snow being tracked in from outside the building or from some other cause is a matter of speculation.

There was no evidence to support a finding that defendant removed the carpeting or that, had it been in place, the moisture here involved would have been absorbed by it. It is true that regardless of the source of the water, the occupant of the premises would have been under a duty to use reasonable care to remove it, given actual or constructive knowledge of its presence. But there is nothing in the record from which the jury could decide factually whether this moisture had been present in the place

where Mrs. Anderson fell for any measurable period of time.

It is our conclusion that plaintiffs failed to produce evidence which would have supported a jury finding of negligence on the part of defendant and, this being the case, the determination of the trial court must be affirmed.

Affirmed.