FRANCES FILIPCZAK AND ANOTHER v. INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 110, AND ANOTHER.

195 N. W. 2d 433.

February 25, 1972—No. 42623.

*Stanley J. Mosio,* for appellants.
*Jardine, Logan & O'Brien* and *Alan R. Vanasek,* for respondents.

Heard before Knutson, C. J., and Otis, Peterson, Todd, and Mason, JJ.

PER CURIAM.

Plaintiffs bring this action to recover damages for injuries sustained by Frances Filipczak when she slipped and fell on freshly spilled soda pop while dancing a polka with her sister. The accident occurred on premises of defendants, rented by one Rosemary Neudauer for a wedding reception on August 12, 1967. At the close of the evidence, the court directed a verdict for defendants, and plaintiffs appeal from judgment contending the evidence presented a jury issue.

Defendant Electricians and Associates, Inc., hereafter Electricians, owns a building on Dale Street in St. Paul which it leases to defendant International Brotherhood of Electrical Workers, Local 110, hereafter Local 110. On the first floor of the building are kitchen facilities and a beverage bar, and on the second floor is a lodge hall with an asphalt tile floor suitable for dancing.

Local 110 leased the premises to Rosemary Neudauer for the reception. Gerald Lyons, the Local 110 custodian, acted as a beverage attendant, serving free beer and pop to the guests at a charge to Miss Neudauer. The evidence is conflicting as to who paid Lyons, but the lease indicates that the rental payment included the services of one beverage attendant. Local 110 did not agree to furnish music, catering services, or supervisory services. Miss Neudauer hired a caterer and a band on her own but did not hire anyone to supervise the guests.

On the day before the reception, Lyons mopped and buffed the tile on the second floor, set up tables and chairs, and filled the coolers with beverages. On the day of the reception, he opened the building and inspected the premises before the reception started but observed no spilled pop or other foreign substance on the dance floor. During the reception, Lyons remained on the first floor, serving beverages.

Before her fall, plaintiff Frances Filipczak sat at a table on the second floor next to the wall, watching the people dancing in the center of the hall. She did not observe anyone having any difficulty with the floor. When the band played a polka, she and her sister started to dance, going about a third of the way around the hall without difficulty before they fell on what appeared to plaintiff to be freshly spilled pop. Plaintiff broke her leg as a result of that fall. No evidence was introduced as to the length of time the pop had been on the floor.

When Local 110 turned over the premises to Miss Neudauer for the reception, knowing that it was leased for purposes of admitting the public, it had a duty to warn of any dangerous condition of which it had, or should have had, knowledge. Wood v. Prudential Ins. Co. 212 Minn. 551, 4 N. W. 2d 617 (1942); Prosser, Torts (4 ed.) § 63, p. 403. There was no showing of any defects or dangerous conditions before the premises were turned over to Miss Neudauer.

Plaintiffs contend that Local 110 had an even greater duty to inspect the premises during the reception to guard against hazardous situations caused by guests. But the premises, by the terms of the lease, were under the control of Miss Neudauer, and Local 110 had no control over her negligence, if any. If a landowner retains no control over the land after the tenant takes possession, then the landowner should not be liable for the tenant's negligence in maintaining the premises if they have been turned over in good condition. Prosser, Torts (4 ed.) § 63, p. 405.

It should be further noted that even if there had been an inspection during the reception, there was no showing that the spilled pop could have been discovered in time to prevent the accident. Anderson v. St. Thomas More Newman Center, 287 Minn. 251, 178 N. W. 2d 242 (1970).

Cases cited by plaintiffs are not in point and do not sustain their position that Local 110 should have anticipated the accident. Connolly v. The Nicollet Hotel, 254 Minn. 373, 95 N. W. 2d 657 (1959), involved a pedestrian struck by an object thrown from a window of the hotel which was hosting a national convention, and the hotel had notice of similar incidents during the same convention. Lindgren v. Voge, 260 Minn. 262, 109 N. W. 2d 754 (1961), concerned injury to a patron at a race track, a paid amusement place, with notice of condition clearly discoverable. Hanson v. Christensen, 275 Minn. 204, 145 N. W. 2d 868 (1966), involved injury to a boy diving into a shallow swimming pool operated for profit.

In summary, Local 110 had no duty to inspect once the reception had started. Further, even if such a duty had existed, plaintiffs have failed to prove that defendants could have prevented the accident or that there was any negligence on the part of these defendants. We therefore affirm.

Affirmed.