## BEVERLY OTIS v. FIRST NATIONAL BANK OF MINNEAPOLIS.

195 N. W. 2d 432.

March 3, 1972—Nos. 42924, 43052.

*Jerome E. Kline*, for appellant.

*Richards, Montgomery, Cobb & Bassford* and *Lynn G. Truesdell III*, for respondent.

Considered by Knutson, C. J., and Otis, Peterson, Todd, and Mason, JJ.

PER CURIAM.

Plaintiff slipped and fell on a small puddle of water, 3 to 5 inches in circumference, on defendant bank's floor near a teller's window. Except for this puddle and some adjacent small puddles, as well as some "damp footmarks," plaintiff could "walk just normal" on the "fine, dry floor." It had been raining hard, and the bank had been open only 20 minutes at the time plaintiff entered. The circumstances strongly suggest that

the water was shed from the clothing or umbrellas of one or more persons who preceded plaintiff into the bank.

No evidence was introduced by plaintiff to show that defendant had actual or constructive notice of those puddles. The circumstances of time and condition were not such as to impose upon defendant a duty to have discovered and removed the puddle. The trial court accordingly directed a verdict for defendant, a ruling fully supported by Anderson v. St. Thomas More Newman Center, 287 Minn. 251, 178 N. W. 2d 242 (1970), and Filipczak v. International Brotherhood of Elec. Workers, 292 Minn. 486, 195 N. W. 2d 433 (1972).[1]

Affirmed.

---

[1] See, also, Parker v. McCrory Stores Corp. 76 Pa. 122, 101 A. 2d 377 (1954); Parks v. Montgomery Ward & Co. 198 F. 2d 772 (10 Cir. 1952); Deptula v. New Britain Trust Co. 19 Conn. Sup. 434, 116 A. 2d 773 (1955); Tariff v. S. S. Kresge Co. 299 Mass. 129, 12 N. E. 2d 79 (1937).