CLARA RICE AND ANOTHER v. DANIEL P. FORBY AND ANOTHER, d.b.a. TUFOR PROPERTIES, AND ANOTHER.

228 N. W. 2d 581.

April 25, 1975—No. 45283.

*Gerald C. Magee* and *Theodore K. Abe,* for appellants.

*Coulter, Nelson & Sullivan, Mark Sullivan,* and *John Cope,* for respondent.

Heard before Sheran, C. J., and Rogosheske and Yetka, JJ., and considered and decided by the court en banc.

YETKA, JUSTICE.

Plaintiffs appeal from an order issued in Hennepin County District Court denying their motion to vacate an order granting a motion for summary judgment in favor of defendants Daniel P. Forby and Daniel Tutelman, doing business as Tufor Properties.

We affirm the summary judgment.

The stipulated facts upon which the summary judgment was entered are as follows:

"On June 18, 1970, Defendant William Levy leased from defendant Tufor Properties the premises located at 332 East 25th Street in the City of Minneapolis, County of Hennepin and State of Minnesota for the purpose of operating the business known as The Speed Wash Laundromat. Said lease included also lease of the equipment contained on the premises. The lease was for a term of four (4) years commencing on June 20, 1970.

"The accident occurred in the entry way of the above described property on the opening day, June 20, 1970. At the time of the accident, this entry way was undergoing certain repairs, to-wit: Re-tiling of the floor in an area where the tiles were worn and in need of replacement. There was a 1 x 12 inch board approximately six (6) feet long standing on edge, lengthwise, in the entry area dividing the area between that which remained tiled

and that in which the old tile had been removed and upon which an asphalt type glue was spread.

"At all times relevant herein, plaintiff was a business invitee of the defendant, William Levy, on the business premises of the Speed Wash Laundromat. The accident occurred in the entry area while plaintiff was exiting the premises carrying with her her washing. Plaintiffs allege that as a direct result of defendant's negligence plaintiff Clara Rice sustained serious and permanent personal injury as well as approximately $23,000.00 in special damages.

"It is agreed that defendant Levy said that at the time of the signing of the Lease on June 18, 1970, defendant Daniel P. Forby as Tufor Properties told defendant William Levy that an inspector had told him that the tile in the entry way area had to be replaced and told William Levy that he had to make the repairs. At the time of the accident the repairs were being made personally by the defendant William Levy. *Defendant Levy was not acting as the agent of Tufor Properties in making the repairs.* The repairs were to be paid for by defendant Levy and he was to determine how the repairs were to be made.

"Defendants, Tufor Properties' Motion for Summary Judgment was made just prior to trial to determine the issue of whether or not a landlord may be held liable for the negligence of his tenants in making repairs over which he exercised no control as to the method in which those repairs were made. The Trial Court held that there was no liability on the part of the landlord and granted defendants' Motion for Summary Judgment, on March 25, 1974.

"On April 15, 1974, the Court heard argument on plaintiff's Motion to vacate the Court's Order of March 25, 1974 and for an Order of the Court amending plaintiff's prayer for relief from a monetary sum for judgment of $25,000.00 to $150,000.00. The Trial Court denied both Motions." (Italics supplied.)

The issue presented for our consideration is whether or not, under the stipulated facts, the trial court erred by granting sum-

mary judgment for defendant lessor on grounds that the public use exception to the general rules governing the liability of lessors to those injured upon the leased premises did not apply in the instant case.

In this jurisdiction, "the general rule is that the lessor is not liable in tort to the lessee, or to his invitees, for any dangerous conditions or defects in the premises * * *." [1]

However, there are several exceptions to the above rule. For example, the lessor has the duty to warn the lessee of any concealed defects, the existence of which the lessor knew or should have known. [2]

In the instant appeal, plaintiffs assert that another exception to the aforesaid general rule is applicable. That exception was perhaps best defined by this court in the case of Wood v. Prudential Ins. Co. of America, 212 Minn. 555, 4 N. W. 2d 617, 619 (1942), where it was stated:

"* * * In our case of Lyman v. Hermann, 203 Minn. 225, 229, 280 N. W. 862, 864, we said, by way of recital and discussion rather than decision:

'Where a party has erected and let a structure "designed * * * for the use of the public, which was either structurally defective, or which was faulty in failing to afford what, in the judgment of reasonable men, would be a proper and adequate protection to persons using it [though out of possession], then he has incurred the risk of being made responsible for occurrences resulting in injury to any one by reason of the faulty construction." ' "

In Breimhorst v. Beckman, 227 Minn. 409, 420, 35 N. W. 2d 719, 727 (1949), this court provided the following definition of the public purpose exception—

---

[1] Breimhorst v. Beckman, 227 Minn. 409, 417, 35 N. W. 2d 719, 726 (1949).

[2] Id.

"\* \* \* that a lessor, by leasing the premises for a purpose involving the admission of the public, may incur liability to a patron of the lessee who has sustained injury by reason of a dangerous artificial condition existing on the premises *at the time they were leased.* [Citations omitted.]" (Italics supplied.) [3]

The italicized portion of the above excerpt from the Breimhorst opinion is particularly relevant in this case. Although the stipulated facts do not show the precise cause of plaintiff's fall, the record indicates that her fall was not occasioned by any preexisting defective condition of the leased premises. Rather, the accident was caused when she lost her balance because of certain obstructions placed in the entryway by the tenant. [4] Such being the case, the lessor cannot be held liable for plaintiff's injuries under the public use exception.

Additionally, we find that the trial court's granting of summary judgment in favor of defendant lessor is sustainable under Rule 56.05, Rules of Civil Procedure, which provides in part as follows:

"\* \* \* When a motion for summary judgment is made and supported as provided in Rule 56, an adverse party may not rest upon the mere averments or denials of his pleading *but must*

[3] See, also, Torwick v. Lisle, 268 Minn. 197, 128 N. W. 2d 330 (1964).

[4] In their "statement of the case" (filed with the trial court), plaintiffs described the accident giving rise to the instant litigation as follows: "Clara Rice walked with a cane at the time and came in the front door of the laundromat where she proceeded to wash her clothes. She was bringing some clothes from the drier out to the car. The defendant William Levy was doing some repair work on the premises. He was doing renovating work and had boards standing around by the door and loose tile in the general area of the door.

"As the plaintiff tried to negotiate herself around the boards that were nailed up temporarily to protect the work that was being done, the bags of her clothes that she was carrying struck the boards and she lost her balance and fell."

During oral argument on appeal plaintiffs did not alter this contention.

*present specific facts* showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." (Italics supplied.)

If plaintiffs assert that the injury was caused by a pre-existing dangerous condition on the premises, then they must support that proposition as required by Rule 56.05. Since the record is void of any such showing, we find that plaintiffs have failed to sustain their burden in the face of defendant lessor's motion for summary judgment.

Plaintiffs argue that if the injury was caused by the tenant's negligence in repairing the floor, then a fact question is presented as to whether the lessor may be held liable for that negligence under an agency theory. In support of that theory plaintiffs cite Myhre v. Schleuder, 98 Minn. 234, 108 N. W. 276 (1906). We disagree. Plaintiffs have stipulated that the tenant was not acting as the agent of the lessor in the making of the repairs to the entryway of the leased premises.

In summation, we hold that the trial court did not err in granting summary judgment in favor of defendant Tufor Properties.

Affirmed.

MR. JUSTICE CHANAK took no part in the consideration or decision of this case.