Oscar Walter JOHNSON, Appellant,

v.

Michael J. MILLER, Respondent.

No. C9–85–2.

Court of Appeals of Minnesota.

July 23, 1985.

Richard G. Day, Wright S. Walling, Minneapolis, for appellant.

Daniel J. Buivid, Jr., Minneapolis, for respondent.

Heard, considered and decided by SEDGWICK, P.J., and WOZNIAK and RANDALL, JJ.

## OPINION

SEDGWICK, Judge.

Plaintiff Oscar W. Johnson appeals the trial court's decision precluding his recovery in this negligence action. We reverse and remand.

## FACTS

Respondent Michael J. Miller owns the residential rental property located at 2822 Oliver Avenue North in Minneapolis. For two years before December 1979, he leased the bottom half of the duplex to Paul Pawlenty. Pawlenty had a drinking problem and occasionally threw things around the apartment when he drank to excess.

On December 16, 1979, appellant Oscar W. Johnson and several other firefighters responded to a fire at Miller's duplex on Oliver Avenue. Appellant was a captain who had been with the fire department since 1953. Smoke was visible when they arrived at the building, and bystanders warned that a man was inside. Appellant instructed firefighter Timothy Olson to start laying the hose line and then entered Pawlenty's apartment, where visibility was impaired by smoke. After taking a few steps forward, appellant fell through an uncovered heating duct in the floor and landed on top of a furnace.

The grate which covered the furnace had been removed before the fire, presumably by Pawlenty. The opening covered by the grate is about 36 inches square. Respondent testified that he knew that Pawlenty had on occasion removed the grate from the furnace duct in the floor, but he was unaware that the grate was not in place on the day of the fire. As a result of his fall, appellant burned his left hand and separated his right shoulder.

Appellant was unable to work for about ten weeks after the injury. His doctor testified at trial that he was not permanently injured as a result of this accident, but that a subsequent dislocation left him partially permanently disabled. Appellant returned to work for about one and one half years and then retired early.

The case was tried without a jury. The trial court ruled that appellant primarily assumed the risk of the injury and that his claim was therefore barred by the "fireman's rule."

## ISSUES

1. Did the trial court err by ruling that appellant assumed the risk that a hole might be in the floor of the duplex?

2. If so, should the trial court address the issue of the landlord's liability for the negligence of a tenant who had exclusive possession and control of the property when the injury occurred?

## ANALYSIS

1. Appellate review is generally limited to determining whether the trial court's findings are clearly erroneous and whether it erred in its legal conclusions. *Bohm v. Independent School District No. 283*, 358 N.W.2d 146, 148 (Minn.Ct.App.1984).

The trial court concluded that appellant primarily assumed the risk under the facts of this case, and therefore was barred from recovery by the fireman's rule. Therefore, the trial court did not address the question of the landlord's liability for the negligence of a tenant in exclusive possession and control of the premises.

The court also stated:

The record in this case is clear that the risk of falling through a hole in a floor while fighting a house fire is one that is reasonably apparent to firefighters as a part of firefighting. On cross-examination plaintiff admitted that there is always a possibility of a hole in a floor and that it is a "distinct danger."

\* \* \* \* \* \*

The Court is not persuaded by plaintiff's argument that the missing grate made the risk of falling through the floor "hidden or unanticipated."

The question is whether the trial court erred in applying the fireman's rule. In a seminal case regarding the fireman's rule, the Minnesota Supreme Court held:

\* \* \* [L]andowners owe firemen a duty of reasonable care, except to the extent firemen primarily assume the risk when entering upon the land. Firemen assume, in a primary sense, all risks reasonably apparent to them that are part of firefighting. However, they do not assume, in a primary sense, risks that are hidden from or unanticipated by the firemen \* \* \* he may recover if his injury is caused by a hidden or unanticipated risk attributable to the landowner's negligence and such negligence is the proximate cause of the injury.

*Armstrong v. Mailand*, 284 N.W.2d 343, 350 (Minn.1979) (Firemen were barred from recovery where they were aware of the

risk of a liquified petroleum tank explosion in the fire they fought).

The court added, " * * * a landowner could conceivably be held liable to the fireman for negligence in allowing the existence of a hidden danger even though the landowner did not know of the danger or have an opportunity to warn * * *." *Id.*

In a subsequent case, the Minnesota Supreme Court held:

> * * * firemen and policemen do not, by accepting dangerous employment, generally assume all risks that may occur. Rather, each situation encountered may involve some risks which are anticipated and assumed and some which are unanticipated and therefore unassumed.

*Griffiths v. Lovelette Transfer Co., Inc.,* 313 N.W.2d 602, 605 (Minn.1981).

■ The particular facts of each case must be examined to see if the particular risk was either hidden from or unanticipated by the fireman or policeman and therefore not reasonably apparent to the officer. *Id.*

The Minnesota Supreme Court also held that the fireman's rule should not shield from liability a landowner or other defendant whose misconduct at the fire scene materially enhances the risk or creates a new risk of harm and causes injury to firefighters. *Kaiser v. Northern States Power Co.,* 353 N.W.2d 899, 905 (Minn. 1984). There, the court remanded the case to determine whether a second explosion was reasonably apparent to the firefighters.

■ Here, the firemen testified that holes were acknowledged dangers in their occupation. However, appellant also testified that the fire was a "cold" fire. That is, according to his understanding from years of experience as a fireman, this was not a fire in which a floor would collapse. Moreover, he was legitimately unprepared for the hole created by the absence of the floor heating grate.

The trial court based its ruling on the fact that the hole was an expected risk, assumed by the firefighter. While smoke and other related conditions are risks reasonably to be anticipated by firefighters, a hole created by removal of a heating grate is not. That hole was a hidden or unanticipated risk. Therefore, the trial court erred in denying recovery based upon assumption of that risk.

■ 2. The trial court did not address the question of the landlord's liability for the tenant's alleged removal of the heating grate. Since we rule that the fireman did not assume the risk of this hole in the floor, on remand the court should address the landlord's liability. *See Kaiser.*

## DECISION

We reverse the decision of the trial court, and we remand for determination of the question of the landlord's liability for the fireman's injury.