Oscar Walter JOHNSON, Appellant,

v.

Michael J. MILLER, Respondent.

No. C7–86–137.

Court of Appeals of Minnesota.

June 3, 1986.

Review Denied July 31, 1986.

Richard G. Day, Frisbee, Bubbe, Holahan & Day, Ltd., Edina, Wright S. Walling, Minneapolis, for appellant.

Caryn F. Brenner, Daniel J. Buivid, Jr., Lommen, Nelson, Cole & Stageberg, P.A., Minneapolis, for respondent.

Considered and decided by LANSING, P.J., and FOLEY and WOZNIAK, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Appellant Oscar W. Johnson, a Minneapolis fireman, appeals from a grant of summary judgment in favor of respondent Michael J. Miller. The trial court ruled that Miller, a landlord, could not be held liable as a matter of law for injuries to Johnson resulting from the alleged negligence of his tenant in maintaining the premises. We affirm.

## FACTS

This case is before this court for a second time after being remanded by our previous decision in *Johnson v. Miller*, 371 N.W.2d 94 (Minn.Ct.App.1985). The relevant facts were summarized therein:

Respondent Michael J. Miller owns the residential rental property located at 2822 Oliver Avenue North in Minneapolis. For two years before December 1979, he leased the bottom half of the duplex to Paul Pawlenty. Pawlenty had a drinking problem and occasionally threw things around the apartment when he drank to excess.

On December 16, 1979, appellant Oscar W. Johnson and several other firefighters responded to a fire at Miller's duplex on Oliver Avenue. Appellant was a captain who had been with the fire department since 1953. Smoke was visible when they arrived at the building, and bystanders warned that a man was inside. Appellant instructed firefighter Timothy Olson to start laying the hose line and then entered Pawlenty's apart-

ment where visibility was impaired by smoke. After taking a few steps forward, appellant fell through an uncovered heating duct in the floor and landed on top of a furnace.

The grate which covered the furnace had been removed before the fire, presumably by Pawlenty. The opening covered by the grate is about 36 inches square. Respondent testified that he knew that Pawlenty had on occasion removed the grate from the furnace duct in the floor, but he was unaware that the grate was not in place on the day of the fire. As a result of his fall, appellant burned his left hand and separated his right shoulder.

Appellant was unable to work for about ten weeks after the injury. His doctor testified at trial that he was not permanently injured as a result of this accident, but that a subsequent dislocation left him partially permanently disabled. Appellant returned to work for about one and one-half years and then retired early.

371 N.W.2d at 94–95.

The case was tried without a jury. Respondent asserted two defenses at trial. First, he argued that the "fireman's rule" barred any recovery by appellant. Second, he argued that, because he had surrendered exclusive possession and control of the premises to his tenant, Pawlenty, he owed no duty to appellant as a matter of law.

The trial court ruled that appellant's claim was barred by the fireman's rule and therefore did not address the second defense. On appeal, this court reversed, holding that the fireman's rule did not apply, and remanded for determination of the other issue.

On remand, respondent brought a motion for summary judgment based on the evidence presented at the earlier trial. No additional evidence was presented, by affidavits or otherwise. The trial court granted respondent's motion, ruling that respondent could not be held liable, as a matter of law, for his tenant's negligence in maintaining the premises. This appeal followed.

## ISSUE

Is respondent liable for injury to a third person caused by his tenant's alleged negligence in maintaining the rental property?

## ANALYSIS

A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and affidavits "show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn.R.Civ.P. 56.03. This court must view the evidence in the light most favorable to the party against whom the motion was granted. *Abdallah, Inc. v. Martin,* 242 Minn. 416, 65 N.W.2d 641 (1954).

The relevant facts are not in dispute. Pawlenty had exclusive possession and control of the premises for two years before the fire occurred. There was no evidence that the grate was missing from the floor at the time Pawlenty took possession of the premises, or that respondent knew, on the date of the fire, that the grate was missing. It is a well-established rule in Minnesota that

> [i]f a landowner retains no control over the land after the tenant takes possession, then the landowner should not be liable for the tenant's negligence in maintaining the premises if they have been turned over in good condition.

*Filipczak v. International Brotherhood of Electrical Workers, Local 110,* 292 Minn. 486, 488, 195 N.W.2d 433, 435 (1972);[1] *see*

---

1. There are several exceptions to the general rule. For example, the lessor has the duty to warn of concealed, dangerous conditions, existing when possession is transferred, of which he has knowledge. *Breimhorst v. Beckman,* 227 Minn. 409, 417, 35 N.W.2d 719, 726 (1949). The lessor may also be liable where he leases the premises for a purpose involving the admission of the public and a patron of the lessee is injured by reason of a dangerous artificial condition existing on the premises when they were

*also* W.P. Keeton, D. Dobbs, R. Keeton, & D. Owen, *Prosser & Keeton on the Law of Torts* § 63 at 434 (5th ed. 1984).

■ The Minnesota Supreme Court has applied this general rule in *Filipczak, supra,* and in *Rice v. Forby,* 304 Minn. 23, 228 N.W.2d 581 (1975). In *Rice,* the plaintiff tripped over a board which the lessee had placed in an entryway while repairing the floor. The supreme court held that the lessor could not be held liable to the plaintiff, stating:

> In this jurisdiction, "the general rule is that the lessor is not liable in tort to the lessee, or to his invitees, for any dangerous conditions or defects in the premises * * *."

*Id.* at 26, 228 N.W.2d at 583 (quoting *Breimhorst v. Beckman,* 227 Minn. 409, 417, 35 N.W.2d 719, 726 (1949)).

In *Filipczak,* the plaintiff slipped and fell on a freshly spilled soda pop while dancing at a wedding reception. The court held that the lessor of the hall could not be held liable for the tenant's negligence in maintaining the premises where there was no showing of any defects or dangerous conditions before the premises were turned over to the tenant. 292 Minn. at 488, 195 N.W.2d at 435.

The general rule of landlord nonliability has been abolished in some jurisdictions and replaced with a general tort standard of reasonable care. *See, e.g., Rosales v. Stewart,* 113 Cal.App.3d 130, 169 Cal.Rptr. 660 (1980) ("the landlord is under a duty to third persons to do all that he legally can to get rid of a dangerous condition on the leased premises, even if it means getting rid of the tenant"); *Sargent v. Ross,* 113 N.H. 388, 308 A.2d 528 (1973) ("A landlord must act as a reasonable person under all of the circumstances including the likelihood of injury to others * * *."). The Minnesota Supreme Court has not taken this step, however; *Rice* and *Filipczak* remain the last word on the issue in this state.

Appellant argues that the general rule, as set forth in *Rice* and *Filipczak,* has

leased. *Id.* at 420, 35 N.W.2d at 727. Neither of

been overruled by the supreme court's decision in *Peterson v. Balach,* 294 Minn. 161, 199 N.W.2d 639 (1972). *Peterson* dealt with a different issue, however. In that case, the supreme court swept away the old common-law distinctions between licensees and invitees for purposes of determining an owner/occupier's liability to entrants on land, and adopted a reasonableness standard. *Peterson* did not present the issue of a landlord's liability to third persons for the negligence of a tenant, and is not on point here.

## DECISION

Respondent is not liable, as a matter of law, for his tenant's alleged negligence in maintaining the rental property.

The trial court is affirmed.

these exceptions is applicable here.