Goodman et al., Appellants, *v.* Corn Exchange National Bank and Trust Company et al.

Argued April 22, 1938. Before KEPHART, C. J., MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Robert M. Bernstein,* with him *Milford J. Meyer,* for appellants.

*John J. McDevitt, III, John J. McDevitt, Jr.,* and *Joseph M. Leib,* for appellees, were not heard.

OPINION BY MR. JUSTICE BARNES, June 30, 1938:

The plaintiffs, husband and wife, seek to recover damages for personal injuries suffered by the wife because of the alleged negligence of defendants in failing to remove an accumulation of ice from the outside steps of premises owned by them in the City of Philadelphia, known as No. 521 Arch Street. The property, a three-story brick structure used for business purposes, has a common outside approach consisting of six white stone steps, leading to a double door entrance to the building. The right half of this door toward the east side was kept open for the use of the tenants and their business invitees. Along the west side of the steps is a metal handrail.

Plaintiffs offered evidence that there had been snow on the roof of the building, and that five days before the accident icicles had formed in the gutter along the edge of the roof with the result that the water therefrom dripped upon the steps below and caused the formation of ice. It was testified that this ice had remained there for several days without any attempt being made to remove it. Defendants' witnesses controverted this testimony.

On January 29, 1935, the wife-plaintiff entered the building for the purpose of visiting her dentist whose office was on the second floor. She testified that she noticed ice upon all the steps except the top one, which was flush with the level of the hallway of the building and protected by the doorway. To avoid slipping she ascended the left side of the steps, holding the handrail, until she reached the uppermost step, when she walked across the tread into the open doorway. However, upon leaving the building she did not cross to the right toward the handrail, but walked directly forward and descended to the fifth or widest step, where she fell and was injured.

The jury returned a verdict in favor of the defendants. Plaintiffs' rule for a new trial was discharged by the court below, and judgments were entered upon the verdict, from which plaintiffs have taken these appeals.

Defendants themselves did not occupy the premises but leased offices and floors therein to tenants engaged in business. There was, however, a common approach consisting of an outside stairway and inside hall, in the landlord's possession. The responsibility of a landlord for injuries sustained on a common approach located outside of a building, on which there is lodged snow and ice, such as we have in the present case, has been variously stated. Liability depends to a great extent upon the nature of the approach, the character of the alleged dangerous condition, and the status of the person injured. The owner's duty of care, under such circum-

stances, may be circumscribed further by the character of the building, the number of tenants, and the consequent burdens resulting from such occupancy.

It may be stated as a general rule that there is no absolute duty to keep outside steps free from ice or snow at all times. Where the precipitation is recent or continuous, the duty to remove such obstruction as it forms cannot be imposed, and the dangers arising therefrom are viewed as the normal hazards of life, for which no owner or person in possession of property is held responsible. It is only when the owner or possessor, having a duty to remove snow and ice, improperly permits an accumulation thereof to remain after a reasonable length of time for removal has elapsed, that liability may arise for the unsafe and dangerous condition created.

It is well recognized that the duty of care upon an owner of real property where snow and ice are lodged on outside stairways, is not the same where the injured person is a tenant of the premises, or one who stands in the relation of a tenant, as it is where a person comes upon the premises as a business invitee. A tenant who uses a common outside stairway covered with ice or snow, is in much the same position and has the same duty as the owner or landlord. The owners of small apartments, duplex houses, or houses used by small businesses, cannot be subjected to the duty of keeping a janitor on the premises at all times during the winter season merely to insure the immediate removal of snow or ice from the steps.

The wife-plaintiff in this case was lawfully upon premises occupied by several tenants, as a business invitee of one of them. As to such invitee it was the duty of the owner of the property to maintain the stairway in reasonably safe condition for her protection. Even in the face of such duty, however, the owner out of possession of the property is entitled to reasonable notice of and an opportunity to remove a dangerous and unsafe condition.

Snow and ice upon a pavement may, under certain circumstances, constitute a basis for negligence: *Phila. v. Merchant & Evans Co.*, 296 Pa. 126. In *Phila. v. Bergdoll*, 252 Pa. 545, it was pointed out that they create only transient dangers, whereas permanent defects in a sidewalk give rise to dangers which impose a more serious responsibility upon property owners. In comparing these standards of care, we discussed, in *Bailey v. Oil City*, 305 Pa. 325, the liability for ice covered sidewalks. In that case suit was brought against the city and the property owner because of a slippery condition of a pavement, thereby made dangerous for travel. In affirming a compulsory nonsuit we held that there could be no recovery where an injury is sustained due to a general slippery condition of the sidewalk. There may be liability, however, where ridges of ice have formed and are allowed to remain for an unreasonable length of time as a dangerous obstruction to travel, or, in the absence of ridges, where ice had formed due to antecedent negligence, such as a broken hydrant, a defective water pipe, or the stoppage of a drain.*

In *Richey v. Armour*, 293 Pa. 127, the facts are similar to those of the case now before us. There an outside stairway used in common by the tenants, led to a second floor, where one of the tenants, a dentist, had his office. The plaintiff, upon leaving the dentist's office, slipped on ice which had formed from the drippings of icicles which were on the eaves of the building. We said (p. 130): "No such conclusion [that it was a nuisance] could be reached from the mere fact that water coming from melting snow and ice dropped from the eaves of a house and ice formed from it. This is a transitory condition likely to exist with us in the winter time and no property owner is required to be always on the alert to see that the ice is removed as fast as it forms. If we should es-

---

* See also *McDonough v. Munhall Borough*, 331 Pa. 468, and *Whitton v. H. A. Gable Co.*, 331 Pa. 429.

tablish the rule as appellant would have us, then property owners would be liable in damages wherever there was dripping water, whether from eaves or gutters or roofs if ice formed therefrom, it matters not how quickly or how infrequently. . . We are not willing to establish such a rule of liability."

In *Mitchell v. Sinn,* 308 Pa. 1, the plaintiff brought suit against an owner of certain premises where she had gone to buy coal and had slipped on a private sidewalk. The property was in possession of a tenant. The negligence alleged against the owner was allowing a clogged sewer to overflow, which resulted in the formation of ice over the sidewalk. We refused to sustain a judgment in favor of the plaintiff under such circumstances, and held that the owner of real estate is not an insurer of the safety of an invitee while upon the premises; nor is there any liability to invitees for minor defects in the premises which are not inherently dangerous. It was decided that the presence of snow and ice on a private sidewalk was a condition for which the owner out of possession could not be held liable.

In the present case the court below properly submitted to the jury the question whether a reasonable time had been afforded the defendants for the removal of the ice upon the steps, and likewise submitted the question whether there was contributory negligence on the part of the wife-plaintiff. We think these are questions of fact for the jury alone to decide, and are satisfied that the evidence fully supports the verdict in favor of the defendants. The plaintiff was familiar with the condition of the steps and instead of taking reasonable precaution in leaving the premises by the safe way that she had entered, she deliberately chose a dangerous course as a means of exit. We see no reason to disturb the verdict of the jury. In our opinion there is no merit in the remaining assignments of error.

Judgments affirmed.