JEANETTE MATTSON v. ST. LUKE'S HOSPITAL OF ST. PAUL.

89 N. W. (2d) 743.

April 18, 1958—No. 37,276.

*Hyman H. Cohen,* for appellant.
*Lipschultz, Altman, Geraghty & Mulally* and *James H. Geraghty,* for respondent.

MATSON, JUSTICE.

Appeal from an order granting defendant's motion for judgment notwithstanding the verdict.

The sole question presented by this appeal is whether a private hospital, in the discharge of its duty of exercising reasonable care for the safety of an invitee, is permitted as a matter of law—absent extraordinary circumstances—to wait for the end of a freezing rain and sleetstorm, and for a reasonable time thereafter, before removing ice and snow from its entrance steps, landings, and sidewalks which are exposed to the elements.

Taking, as we must, the evidence in the light most favorable to the verdict we have these facts.

Defendant corporation, hereinafter called the hospital, owns and operates St. Luke's Hospital, a private hospital in St. Paul. On February 19, 1955, at approximately 6:30 p. m., plaintiff, a 57-year-old woman, who had visited her husband, a patient in said hospital, was injured when she slipped and fell on the outside ice-covered steps as she was leaving the hospital by way of the front entrance door.

The front entrance to the hospital was the only one maintained for public use. The exterior entrance consisted of a top step, 12 inches wide, which was at the same level as the door to the hospital interior; a landing or platform 41 inches wide immediately below the top step; and a series of steps descending therefrom to the sidewalk level. The landing and steps were constructed of concrete. Although there was a roof over the landing and steps, these were open to the elements from the sides and front. Starting at the first step below the landing, and continuing down to the sidewalk, were two handrails on the sides of the steps. Overhead, about 14 feet above the landing, a 150-watt light was burning.

When plaintiff entered the hospital at approximately 1 o'clock in the afternoon, the steps on the entryway outside the hospital were entirely clean and dry. The day was dark and cloudy and plaintiff, while looking out a window of the hospital during the afternoon, noticed that there was some precipitation. From 2:35 o'clock in the afternoon until 8:20 o'clock that evening, freezing rain and sleet fell almost continuously. The temperature during the day ranged from a high of 33 degrees to a

low of 26 degrees. At the time of the accident, the temperature was 28 degrees and there was a heavy freezing sleet falling. Although defendant's janitor had applied sand and chemicals to the steps of the front entrance several times that day to keep them from becoming slippery, the last application was made at about 4:20 p. m. At the time of the accident, the entire outside entrance was icy and slippery and there were no signs of any chemical or abrasive substances on the landing or steps. The icy and slippery condition prevailed as to sidewalks and streets throughout the city.

As plaintiff left the hospital at 6:30 p. m. she opened the door to the outside and had placed one foot on the landing below the top step when her feet shot out from under her. Plaintiff then fell on the landing and slid down the steps, incurring the injuries for which she seeks to recover.

The jury awarded plaintiff a verdict of $7,000. Thereafter, defendant moved for judgment in its favor notwithstanding the verdict for the plaintiff or in the alternative for a new trial. Plaintiff appeals from that part of the order granting defendant's motion for judgment notwithstanding the verdict.

■ It is elementary that defendant, as the possessor of the hospital premises, was under an affirmative duty to exercise reasonable care in inspecting and maintaining the premises in a reasonably safe condition for the plaintiff since, as a visitor to the hospital, she occupied the status of a business guest or invitee.[1]

The sole issue is what constitutes an exercise of reasonable care as applied to the circumstances of this case. Was the hospital, in the discharge of its duty to use reasonable care, required to keep the steps and landing of its outside entrance free from ice and in a nonslippery condition during the continuance of the storm, or was it permitted, as a matter of law, to await the end of the storm to remove the ice which had accumulated? Although there are no Minnesota decisions bearing

---

[1]See, Strong v. Shefveland, 249 Minn. 59, 81 N. W. (2d) 247; Anderson v. Winkle, 213 Minn. 77, 5 N. W. (2d) 355; Yeager v. Chapman, 233 Minn. 1, 45 N. W. (2d) 776, 22 A. L. R. (2d) 1260; Restatement, Torts, § 332; Prosser, Torts (2 ed.) § 78; 2 Harper & James, The Law of Torts, § 27.12; 26 Minn. L. Rev. 573; 27 Minn. L. Rev. 75.

directly upon the issue of what constitutes reasonable care by a possessor of premises in the maintenance of outside steps and entryways during the progress of a sleetstorm, where the steps and entrances were clean and dry prior thereto, there are decisions from other jurisdictions which set forth the general rule.

▪ Absent extraordinary circumstances, and none are here involved, it is the general rule that a business establishment or other inviter may, without violating its duty to exercise reasonable care for the safety of business guests or invitees, await the end of a freezing rain or sleetstorm and a reasonable time thereafter before removing ice and snow from its outside entrance walks, platform, or steps.[2] The basic reason for this rule is that during the continuance of a freezing rain, snow, and sleetstorm it is inexpedient and impractical to remove from exposed walks and steps icy and slippery conditions, or to take other corrective action such as the spreading of sand, ashes, or similar abrasives. Since a storm produces slippery conditions as long as it lasts, it would be unreasonable to expect the possessor of the premises to remove the freezing precipitation as it falls. Reasonable care requires only that the possessor shall remove the ice and snow, or take other appropriate corrective action, within a reasonable time after the storm has abated. The fact that the possessor may have attempted to take corrective measures during the storm's progress does not change the situation even though such measures were temporarily effective. The exercise of reasonable care for the safety of invitees requires neither the impossible nor the impractical, and carries with it the necessary implication that the actor shall have reasonable notice of the need for, and a

---

[2] Walker v. Memorial Hospital, 187 Va. 5, 45 S. E. (2d) 898; Reuter v. Iowa Trust & Sav. Bank, 244 Iowa 939, 57 N. W. (2d) 225; Goodman v. Corn Exch. Nat. Bank & Trust Co. 331 Pa. 587, 200 A. 642; Bressler v. Rule Realty Co. Inc. 219 App. Div. 529, 220 N. Y. S. 461, affirmed, 248 N. Y. 619, 162 N. E. 548; Rusk v. Manhattan Ry. Co. 46 App. Div. 100, 61 N. Y. S. 384; Palmer v. Pennsylvania Co. 111 N. Y. 488, 18 N. E. 859, 2 L. R. A. 252; Kelly v. Manhattan Ry. Co. 112 N. Y. 443, 20 N. E. 383, 3 L. R. A. 74; Meginn v. Ramsdell, 163 App. Div. 232, 148 N. Y. S. 415; 65 C. J. S., Negligence, § 88. But see Pessagno v. Euclid Inv. Co. 72 App. D. C. 141, 112 F. (2d) 577, whose holding we have not overlooked but reject as unsound.

reasonable opportunity to take, corrective action for the safety of invitees. We adopt the majority rule as a sound exemplification of the principle of reasonable care during a storm.

In the leading case of Walker v. Memorial Hospital, 187 Va. 5, 23, 45 S. E. (2d) 898, 907,[3] involving facts almost identical to the instant case, the Virginia court, after applying the general rule, said:

"* * * The hospital authorities were not charged with knowledge that she [plaintiff] had not been outdoors since the sleet began, nor is there any evidence that they had any reason to believe that she did not know of the sleet, for it had then been falling more than two hours. Under these circumstances we think it was not incumbent upon the hospital to warn her of a condition, the existence of which was due to action of the elements, and which ordinary care did not require the defendant to remedy. Since the storm had not finally terminated, the exercise of reasonable care no more required defendant to warn of the result of the weather than it did to remedy the result."

In Goodman v. Corn Exch. Nat. Bank & Trust Co. 331 Pa. 587, 590, 200 A. 642, 643, the court stated:

"It may be stated as a general rule that there is no absolute duty to keep outside steps free from ice or snow at all times. Where the precipitation is recent or continuous, the duty to remove such obstruction as it forms cannot be imposed, and the dangers arising therefrom are viewed as the normal hazards of life, for which no owner or person in possession of property is held responsible. It is only when the owner or possessor, having a duty to remove snow and ice, improperly permits an accumulation thereof to remain after a reasonable length of time for removal has elapsed, that liability may arise for the unsafe and dangerous condition created."

Other cases establish the principle that the duty of reasonable care to inspect and maintain the premises in a reasonably safe condition for invitees does not require that outside steps be kept free of ice at all times but permits a reasonable length of time for the removal of the

---

[3]This case contains an exhaustive review of the holdings of the various jurisdictions.

ice.[4]

In the instant case the plaintiff did not claim there were any defects in the steps of the hospital entryway. It is uncontroverted that it had been sleeting (or raining) and freezing for several hours prior to the accident and that at the time of the accident there was a heavy, freezing sleet falling. Plaintiff was aware of the fact that there had been precipitation during the afternoon. The landing and top step of the entrance, although covered by a roof, were open to the elements from both sides and the front. The steps and landing of the hospital were completely glazed, but it is uncontradicted that this condition prevailed on every street, sidewalk, and outside step throughout the city. Under the circumstances it was either impossible or impracticable to take any effective action during the storm's continuance and reasonable care did not require defendant to remedy the condition of the entrance until after the storm had ended and a reasonable time thereafter.

The source and sole cause of the hazardous condition resulting in plaintiff's unfortunate injury was the unusual but natural result of extraordinary weather over which the hospital had no control. The freezing sleetstorm rendered slippery not only defendant's outside entrance steps but also all other exposed walks and places within the city. It involved a normal hazard of life to which every pedestrian necessarily exposes himself when he ventures forth in a sleetstorm. Reasonable care for the safety of an invitee does not require an inviter to engage in an unending and impractical, if not useless, contest with the uncontrollable forces of nature while a storm is in progress. Any rule to the contrary would impose upon the hospital, as an inviter, a duty of extraordinary care which it does not have, or erroneously constitute it an insurer of the safety of invitees.

In support of her contention, plaintiff has cited a number of decisions from other jurisdictions[5] which involve situations in which a pre-

[4]See, Milburn v. K. of C. Home Assn. 167 Pa. Super. 509, 76 A. (2d) 466; Whitton v. H. A. Gable Co. 331 Pa. 429, 200 A. 644; Drible v. Village Improvement Co. 123 Conn. 20, 192 A. 308.

[5]Erickson v. Walgreen Drug Co. 120 Utah 31, 232 P. (2d) 210, 31 A. L. R. (2d) 177; Evans v. Sears, Roebuck & Co. (Mo. App.) 104 S. W. (2d) 1035; Reardon v. Shimelman, 102 Conn. 383, 128 A. 705, 39 A. L. R.

existing hazardous condition was made more hazardous by the falling precipitation. On their facts these cases are clearly distinguishable from the instant case in which the stormy weather was the initial and sole cause of the hazard. Similarly, the Minnesota cases cited by plaintiff; namely, Dore v. Swift & Co. 175 Minn. 545, 221 N. W. 904; Yeager v. Chapman, 233 Minn. 1, 45 N. W. (2d) 776, 22 A. L. R. (2d) 1260; and Strong v. Shefveland, 249 Minn. 59, 81 N. W. (2d) 247, do not support her contention.

The trial court did not err in granting judgment for the defendant notwithstanding the verdict for the plaintiff. The order of the trial court is affirmed.

Affirmed.

287; Robinson v. Belmont-Buckingham Holding Co. 94 Colo. 534, 31 P. (2d) 918.