Julie Ann **NIEMANN**, Respondent,

v.

**NORTHWESTERN COLLEGE, Appellant.**

No. C2-85-2335.

Court of Appeals of Minnesota.

June 24, 1986.

Review Denied Aug. 27, 1986.

Thomas A. Del Vecchio, St. Paul, for respondent.

Peter G. Van Bergen, Minneapolis, for appellant.

Heard, considered and decided by POPO-VICH, C.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

NIERENGARTEN, Judge.

Julie Ann Niemann sustained injuries to her back and neck when she slipped and fell on a sidewalk located on the campus of Northwestern College. Niemann sued Northwestern for negligently maintaining the sidewalk. The jury returned a verdict finding Northwestern sixty percent negligent and Niemann forty percent negligent. The trial court denied Northwestern's motion for judgment notwithstanding the verdict or for a new trial and awarded Niemann $4,127.90 for costs and disbursements. Northwestern College appeals from the judgment.

## FACTS

On November 19, 1981, Julie Ann Niemann slipped and fell on a sloping sidewalk located on the campus of Northwestern College. The accident occurred on the second day of a three-day storm that resulted in wet conditions and the accumulation of heavy snow. Although nine inches of snow had fallen by 7:00 p.m. on November 19, it was not snowing at the time Niemann fell.

As Niemann approached the sloping portion of the sidewalk, she observed that the entire sidewalk was snow packed, icy, and slippery. Niemann, wearing loafers, lost her balance and fell, striking her back and head on the ground.

Niemann sustained a herniated disc in her lower back and underwent back surgery, which effectively provided relief from the pain in her lower back, but did nothing to alleviate the pain in her neck. About a year and one-half after surgery, Niemann was hospitalized again, and was diagnosed as having further herniation of the disc. Niemann has incurred over $10,000 in medical expenses.

Niemann sued Northwestern claiming negligent maintenance of the sidewalk. A jury returned a verdict finding Niemann forty percent negligent and Northwestern sixty percent negligent and assessing Niemann's damages at $70,000. The trial court reduced the damage award to $42,-000.

Northwestern thereafter moved for a judgment notwithstanding the verdict or for a new trial and objected to certain costs and disbursements. The trial court denied Northwestern's motion, and awarded Niemann $4,127.90 for costs and disbursements. Judgment was entered and Northwestern appeals. We reverse.

## ISSUE

Was Northwestern entitled to wait a reasonable time after the end of a snow storm before removing ice and snow from its sidewalks?

## ANALYSIS

### I

■ It is elementary that an owner and possessor of land is under an affirmative duty to exercise reasonable care in maintaining his property in a reasonably safe

condition for visitors on the premises. *Hedglin v. Church of St. Paul of Sauk Centre,* 280 Minn. 119, 123, 158 N.W.2d 269, 272 (1968). However, absent extraordinary circumstances, a business or other inviter may await the end of a storm and a reasonable time thereafter before removing ice and snow from sidewalks and steps. *See id.* at 122–23, 158 N.W.2d at 272; *Mattson v. St. Luke's Hospital of St. Paul,* 252 Minn. 230, 233, 89 N.W.2d 743, 745 (1958).

Northwestern argues that it was under no duty to clean the sidewalks until a reasonable time after the storm abated on November 20. Northwestern also argues that because the sidewalk had no inherent flaws or hazards, there were no previous injuries sustained on the sidewalk, and because of Niemann's familiarity with the sidewalk, no extraordinary circumstances existed changing its duty of removal.

Niemann counters that "the steep slope of the sidewalk in conjunction with the heavy snowfall constituted an extraordinary circumstance," thereby making the general rule from *Hedglin* inapplicable in this case. Niemann claims the question of whether extraordinary circumstances existed was a question of fact for the jury.

■ Niemann slipped and injured herself on the second day of a three-day winter storm. Here, as in *Mattson,* the source and sole cause of the hazardous condition resulting in Niemann's injuries was the unusual but natural result of the extraordinary weather over which Northwestern had no control. *See Mattson,* 252 Minn. at 235, 89 N.W.2d at 746. Therefore, Northwestern was not duty bound to clean the sidewalks until a reasonable period of time after the storm ended on the third day. Northwestern was entitled to judgment notwithstanding the verdict. Because of our decision, we need not address the other issues raised on appeal.

### DECISION

Northwestern was not negligent as a matter of law. The decision of the trial court is reversed.

Reversed.