Marcene JOHNSON, Respondent,

v.

ALFORD & NEVILLE, INC., Appellant,

and

Larry Hahn and Kathleen A. Jetson, individually, and d/b/a Dynasty Lounge, Respondents.

No. C2–86–773.

Court of Appeals of Minnesota.

Dec. 16, 1986.

Lawrence E. Maus, Robert M. Maus, Spring Valley, for Marcene Johnson.

Frederic N. Brown, Thomas P. Kelly, Rochester, for Alford & Neville, Inc.

Robert R. Dunlap, Dunlap, Keith, Finseth, Berndt & Sandberg, P.A., Rochester, for Larry Hahn and Kathleen A. Jetson.

Heard, considered and decided by NIERENGARTEN, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

PARKER, Judge.

Marcene Johnson was injured when she slipped and fell on appellant's property. She sued for personal injury and a jury awarded her $39,000 by special verdict. Appellant's motion for post-trial relief, including a motion for judgment notwithstanding the verdict, was denied. We affirm.

## FACTS

Respondents Larry Hahn and Kathleen Jetson operated the Dynasty Lounge in Spring Valley, Minnesota. They leased the space from appellant Alford & Neville, Inc., which was responsible for removing snow from the lounge's parking lot. On the evening of March 19, 1982, respondent Marcene Johnson drove to the lounge in the midst of a winter storm to pick up her husband. While walking from her car to the lounge, Johnson slipped and fell in the parking lot, seriously injuring her left elbow.

Johnson brought suit against Alford & Neville and against Hahn and Jetson, both individually and doing business as the Dynasty Lounge, alleging negligence in allowing ice and snow to accumulate in the parking lot. By special verdict, the jury found Alford & Neville liable for 100 percent of the negligence causing Johnson's injuries. The jury found Johnson and the other respondents not negligent. Alford & Neville moved for post-trial relief, including a motion for judgment notwithstanding the verdict. The motions were denied, and it appeals.

## ISSUES

1. Was Alford & Neville entitled to a judgment notwithstanding the verdict due to Johnson's failure to prove that her injuries were caused by Alford & Neville's negligence and not caused exclusively by a winter storm?

2. Was the evidence sufficient to support the jury's finding that Alford & Neville was 100 percent negligent and that Johnson was not contributorily negligent?

3. Did the trial court err in failing to instruct the jury on assumption of risk?

## DISCUSSION

### I

A motion for judgment notwithstanding the verdict will not be granted as long as there is "ANY competent evidence reasonably tending to support the verdict." *Thorn v. Glass Depot*, 373 N.W.2d 799, 802 (Minn.Ct.App.1985), *pet. for rev. denied*, (Minn. Nov. 1, 1985) (emphasis in original) (citation omitted). The evidence must be viewed in a light most favorable to the verdict. *Id.*

Alford & Neville alleges that Johnson failed to produce any evidence that

it was negligent in failing to keep its parking lot clear of ice and snow. A landowner owes a duty of "reasonable care under the circumstances" to others entering the land. *Peterson v. Balach,* 294 Minn. 161, 199 N.W.2d 639 (1972); *Kantorowicz v. VFW Post, No. 230,* 349 N.W.2d 597, 599 (Minn. Ct.App.1984). This duty is not violated, absent extraordinary circumstances, when a landowner waits a reasonable time after the end of a storm before removing ice and snow. *See Niemann v. Northwestern College,* 389 N.W.2d 260, 262 (Minn.Ct.App. 1986), *pet. for rev. denied,* (Minn. Aug. 27, 1986); *Hedglin v. Church of St. Paul of Sauk Centre,* 280 Minn. 119, 123, 158 N.W.2d 269, 272 (1968); *Mattson v. St. Luke's Hospital of St. Paul,* 252 Minn. 230, 233, 89 N.W.2d 743, 745 (1958).

Although a landowner may wait until a storm has ended before removing ice and snow, the landowner will escape liability only if the hazardous condition did not pre-exist the storm. The pre-existence of the dangerous condition comes within the "extraordinary circumstances" exception to the rule stated above. *See Niemann,* 389 N.W.2d at 262; *Hedglin,* 280 Minn. at 125, 158 N.W.2d at 273; *Mattson,* 252 Minn. at 236, 89 N.W.2d at 747. Thus, the key issue in this case is whether the hazardous accumulation of ice and snow in the Dynasty Lounge parking lot existed before the storm occurred.

Several witnesses testified that the accumulation of ice and snow in the parking lot did not pre-exist the storm. Several of Johnson's witnesses, however, testified that the accumulation of ice and snow in the parking lot pre-existed the storm. Johnson did state that the lot was not covered with glare ice until the day of the storm and that the ice, as opposed to the compacted snow, "made a difference." However, her characterization of the cause of her fall as either "compacted snow" or "ice" appears, to a large degree, to be a question of semantics.

■ Alford & Neville also attacks the credibility of Johnson's witnesses. However, "[c]redibility determinations are for

the finder of fact and should not be disturbed on appeal." *State v. Hagen,* 382 N.W.2d 556, 559 (Minn.Ct.App.1986) (citing *DeMars v. State,* 352 N.W.2d 13, 16 (Minn. 1984)). The jury apparently found Johnson's witnesses more credible than those of Alford & Neville. Such a determination was not clearly erroneous, considering that witness Debra Neville admitted during cross-examination that she had been mistaken when she testified that she had hired someone to plow the parking lot in March 1982.

**II**

■ Alford & Neville next contends the evidence was insufficient to support the jury's allocation of fault. When a jury apportions fault in a negligence case, an appellate court "will not substitute [its] judgment for that of the jury unless there is no evidence reasonably tending to sustain the apportionment or the apportionment is manifestly and palpably against the weight of the evidence." *Martin v. Bussert,* 292 Minn. 29, 38, 193 N.W.2d 134, 139 (1971).

Alford & Neville claims the evidence showing the presence of unplowed ice and snow in the Dynasty Lounge parking lot was "soundly contradicted." However, it is well established that when there is conflicting evidence, a jury's finding on a factual issue will be upheld. *Peterson v. Little-Giant Glencoe Portable Elevator Division of Dynamics Corp. of America,* 366 N.W.2d 111, 115 (Minn.1985). Alford & Neville next claims "there was absolutely no evidence to show that the alleged pre-existing snow and ice was a hazardous condition." This assertion is inaccurate. Various witnesses described the condition of the lot before the storm as "very bad," "rough," and "very treacherous."

■ Next, Alford & Neville argues that Johnson's testimony was "simply not credible." As noted above, however, witness credibility is not at issue at the appellate level. Finally, Alford & Neville claims that because Johnson was aware of the poor

weather conditions, it was manifestly contrary to the evidence to find she was not contributorily negligent. The jury chose to believe Johnson's testimony that she was careful as she walked across the lot, that there was auto traffic on the icy pavement, and that she took the safest and shortest route along a pathway from her car to the lounge. The jury could well have agreed that the alternate route suggested by Alford & Neville, using the parking lot pavement, was not a safe alternative and that she exercised reasonable care for her own safety under the circumstances.

### III

Alford & Neville's final ground for appeal challenges the trial court's failure to instruct the jury on assumption of risk. This court addressed the same issue in *Kantorowicz:*

> Appellant next asserts that the trial court erred in refusing to instruct the jury on assumption of risk. *Springrose v. Willmore*, 292 Minn. 23, 192 N.W.2d 826 (1971), recast assumption of risk as an element of comparative negligence under Minn.Stat. § 604.01, subd. 1 (1982).

> Whether a trial judge gives an assumption of the risk instruction is discretionary. *See Adee v. Evanson*, 281 N.W.2d 177, 180 (Minn.1979) (where court upheld the instruction on assumption of the risk because the presence of an alternative safe route was clear).

> Here, the court instructed the jury on respondent's duty to exercise reasonable care for his own safety under a comparative negligence instruction. The jury was able to consider the evidence regarding respondent's assumption of the risk within the framework of that instruction. Therefore, we find no abuse of discretion.

*Kantorowicz*, 349 N.W.2d at 599–600.

 Here, as in *Kantorowicz*, the court instructed the jury on an entrant's duty to exercise reasonable care, although the term "contributory negligence" was not used. Because Alford & Neville made no showing that Johnson could have taken a safer,

alternative route from her car to the lounge, the court acted well within its discretion in declining to use Alford & Neville's proposed assumption of risk instruction. The court did allow appellant to argue assumption of risk in its closing argument. We find no manifest unfairness in the trial court's actions.

### DECISION

The trial court did not err in denying Alford & Neville's motion for judgment notwithstanding the verdict or in declining to instruct the jury on assumption of risk, and the evidence was sufficient to support the jury's finding that Johnson was not contributorily negligent.

Affirmed.