[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT 
The plaintiff, Anthony Dorn, brings an action in negligence against the defendants, Joseph, Vincent and Lawrence Manzi, the estate of Salvatore Manzi, Jr., and Benny Viselli, D/B/A Bagel King. The facts as alleged in the complaint are as follows. On March 19, 1992, the plaintiff parked his motor vehicle at Bagel King, a food establishment owned by the defendant, Benny Visselli, and located on the property of the Manzis. The plaintiff entered the Bagel King and remained for about an hour. Upon leaving, the plaintiff was unable to move his vehicle out of the parking lot due to the accumulation of ice and snow. While attempting to push his vehicle out of the snow, the plaintiff slipped, fell, and sustained injuries.
The defendant, Benny Visselli d/b/a Bagel King, has filed a motion for summary judgment with supporting evidence and the plaintiff has filed an "objection" thereto.
"Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Suarezv. Dickmont Plastics Corp., 229 Conn. 99, 105, 639 A.2d 507
(1994). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v.Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a CT Page 4493-A directed verdict on the same facts."' Id.
The defendant contends that because the plaintiff's accident occurred during a snowstorm that began before, and ended after the accident, they owed no duty to the plaintiff. The plaintiff contends that as Bagel King is a business enterprise, rather than a residential dwelling, its operation during the snowstorm imposed a duty on the defendant.
"[I]n the absence of unusual circumstances, a property owner, in fulfilling the duty owed to invitees upon his property to exercise reasonable diligence in removing dangerous accumulations of snow and ice, may await the end of the storm and a reasonable time thereafter before removing ice and snow from outside walks and steps. To require a landlord or other invitee to keep walks and steps clear of dangerous accumulations of ice, sleet or snow or to spread sand or ashes while a storm continues is inexpedient and impractical." (Emphasis added.) Kraus v. Newton, 211 Conn. 191,197-98, 558 A.2d 240 (1989); see also Kraus v. Newton,14 Conn. App. 561, 568, 542 A.2d 1163 (1988).
The plaintiff argues that Kraus is distinguishable in that it involved the landlord of a residential property, whereas in this case the defendant is a business owner. However, the Connecticut Supreme Court's language in Kraus expressly encompasses other inviters. The Appellate Court adopted the standard from other jurisdictions which either expressly included "business establishment" along with landlord, or other inviter; seeLanghorne Road Apartments Inc. v. Bisson, 207 Va. 474,150 S.E.2d 540, 541-542 (1966); Mattson v. St. Luke's Hospital of St. Paul,252 Minn. 230, 89 N.W.2d 743, 745 (1958); Reuter v. Iowa Trust Savings Bank, 244 Iowa 939, 57 N.W.2d 225, 227 (1953); or "owner or person in possession of property"; Goodman v. Corn ExchangeNational Bank Trust Co., 331 Pa. 587, 200 A. 642, 643 (1938); or simply, "the invitor." Isaacson v. Husson College,297 A.2d 98, 104 (Me. 1972). In formulating the rule the Supreme and Appellate courts contemplated the status of the inviter, and did not limit the rule's application to a specific type of inviter. Therefore, the fact that the defendant is a business owner cannot be considered an unusual circumstance imposing a duty to remove snow and ice during a storm in progress.
The defendant has provided evidence that there was no snow or ice present on the preceding day, that a snowstorm began in the early morning of March 19, 1992, and continued throughout the CT Page 4493-B time of the plaintiff's injury. The deposition testimony of the plaintiff also confirms the data of the National Climatic Data Center. The defendant has presented evidence that shows the absence of any genuine issue of material fact, and the plaintiff has failed to present any evidence which discloses the existence of such an issue. Accordingly, the defendant's motion for summary judgment is granted.
D'ANDREA, J.