Kristen FRYKMAN, Respondent,

v.

UNIVERSITY OF MINNESOTA–
DULUTH, Appellant.

No. C6–99–1733.

Court of Appeals of Minnesota.

June 13, 2000.

Robert M. Kaner, Duluth, MN (for respondent).

Steven L. Reyelts, Eric D. Hylden, Halverson Watters Downs Reyelts & Bateman, Ltd., Duluth, MN (for appellant).

Considered and decided by
SHUMAKER, Presiding Judge,
CRIPPEN, Judge, and KLAPHAKE,
Judge.

## OPINION

CRIPPEN, Judge.

Appellant University of Minnesota–Duluth, claiming that it owed no duty to respondent Kristen Frykman, who slipped and fell on its premises, objects to the trial court's denial of its motion for a judgment notwithstanding the jury's earlier verdict. Because the trial court properly upheld the jury's determination that appellant's duty arose before respondent was injured, we affirm.

## FACTS

On February 10, 1996, respondent slipped and fell on ice as she exited a building on the UMD campus between 11:00 and 11:30 a.m. She suffered serious injuries, including a broken ankle. The weather reports from the Duluth airport show that there had been measurable amounts of freezing rain starting on February 9, continuing until at least 1:00 a.m. on the tenth, and that thereafter, trace amounts of precipitation continued to fall through 9:00 a.m. on February 10, and then again during the hours ending at 1:00 p.m. and 2:00 p.m. The school maintenance workers had completed sanding the icy sidewalks by 2:00 p.m. on the tenth.

The trial judge instructed the jury on the elements required to find that appellant, as a possessor of land, had committed negligence; the court informed the jurors that a "possessor of land may wait to the end of a storm and a reasonable time thereafter before removing ice and snow from sidewalks and steps." The jury returned a verdict finding respondent's fall was caused by appellant's negligence, awarding respondent more than $78,000 for damages.

Appellant moved for a judgment notwithstanding the verdict, contending that it had no duty to protect respondent until after the ice-creating conditions had ceased and that the evidence showed either that these weather incidents had not ceased or had ceased no later than 9:00 a.m., leaving too little time to clear the ice before respondent's fall occurred. The trial court denied this motion, finding that the questions regarding the end of the weather event and the beginning of appellant's duty to act were disputed fact questions properly submitted to and decided by the jury.

## ISSUE

Did the trial court properly determine that appellant's duty of care arose before respondent was injured?

## ANALYSIS

A judgment notwithstanding the jury's verdict is proper when it has no reasonable support in fact or is contrary to the law. *Diesen v. Hessburg*, 455 N.W.2d

446, 452 (Minn.1990). We review the denial of the motion de novo, *Pouliot v. Fitzsimmons*, 582 N.W.2d 221, 224 (Minn. 1998). The evidence in the case must be viewed in the light most favorable to the prevailing party, *Beck v. American Sharecom, Inc.*, 514 N.W.2d 584, 587 (Minn.App. 1994), *review denied* (Minn. June 29, 1994). We must affirm the denial "if there is any competent evidence reasonably tending to sustain the verdict." *See Rettman v. City of Litchfield*, 354 N.W.2d 426, 429 (Minn. 1984) (citation omitted). The judgment will only be granted when it would be impossible for reasonable minds to come to a different conclusion because the evidence is so overwhelmingly on one side. *Lamb v. Jordan*, 333 N.W.2d 852, 855 (Minn. 1983).

 Appellant points to the weather reports indicating that precipitation continued to accumulate in some form after the fall, and a witness' observation that a "mist" or "fog-type" "condensation" accumulated on his glasses throughout the day of respondent's fall. Appellant claims that this evidence established that the storm was ongoing, entitling appellant to a reasonable time after the storm's end to clear up dangerous conditions. *See Mattson v. St. Luke's Hosp.*, 252 Minn. 230, 233, 89 N.W.2d 743, 745 (1958). But the evidence does not compel a verdict different from that which the jury found.

The evidence permitted a finding that the weather incident or event had lapsed, even if it did not end, at 9:00 a.m., a fact corroborated by evidence that appellant's ground crews had completed sanding activities in the early afternoon.[1] Moreover, the jury could assess the seriousness of the misting condition, which continued throughout the day of February 10, to reach the conclusion that the principal weather event, the freezing rain, had ended some time before the incident occurred.

Appellant's arguments suggest that the *Mattson* line of cases presents a legal question of whether or not a duty even exists. But these cases make it unquestionable that a possessor of land owes a duty to clear dangerous situations from its property. *See Mattson*, 252 Minn. at 233, 89 N.W.2d at 745, *Hedglin v. Church of St. Paul*, 280 Minn. 119, 123–24, 158 N.W.2d 269, 272 (1968), *Niemann v. Northwestern College*, 389 N.W.2d 260, 262 (Minn.App.1986), *review denied* (Minn. Aug. 27, 1986). The task, these cases demonstrate, is to determine "what constitutes an exercise of reasonable care as applied to the circumstances of this case." *Hedglin*, 280 Minn. at 124, 158 N.W.2d at 272. Absent compelling evidence, this is a jury question. *See Steffey v. Soo Line R.R.*, 498 N.W.2d 304, 308 (Minn.App. 1993), *review denied* (Minn. May 28, 1993).

Also, none of the *Mattson* line of cases involves a question as to when the storm ended, as those cases deal with a clear-cut storm incident. In cases where the parameters of the weather event are less than clear, it is not improper to present this question to a jury. Because the record contains "competent evidence reasonably tending to sustain the verdict," we must affirm the trial court's refusal to order a judgment notwithstanding the verdict. *Rettman v. City of Litchfield*, 354 N.W.2d at 429.

## DECISION

The evidence of record permitted a jury verdict on the question of when appellant's duty of care arose.

**Affirmed.**

---

1. The fact that a possessor of land may have started to clear the dangerous condition from its premises during a storm does not mean that the possessor has assumed a duty to clear the condition before the end of the storm or that the duty has arisen before the end of the storm. *See Mattson*, 252 Minn. at 233, 89 N.W.2d at 745. But *Mattson* does not preclude a factfinder, when presented with such evidence, from considering it when determining whether the storm had ended.