*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0421**

James R. Martin,
Appellant,

Patrick S. Martin,
Appellant,

vs.

Mid-America Festivals Corporation,
Respondent.

**Filed December 11, 2023**
**Affirmed**
**Gaïtas, Judge**

Scott County District Court
File No. 70-CV-22-10732

James R. Martin, Faribault, Minnesota (attorney pro se)

Patrick S. Martin, Medford, Minnesota (self-represented appellant)

Theodore J. Waldeck, Daniel C. Leitermann, Waldeck & Woodrow, P.A., Minneapolis, Minnesota (for respondent)

Considered and decided by Gaïtas, Presiding Judge; Slieter, Judge; and Frisch, Judge.

**NONPRECEDENTIAL OPINION**

**GAÏTAS**, Judge

Appellants James R. Martin and Patrick S. Martin, who are brothers, sued respondent Mid-America Festivals Corporation after attending the Minnesota Renaissance

Festival, a yearly event hosted and operated by Mid-America. They alleged that Mid-America negligently operated parking services at the festival in 2021 and that these subpar services caused them to suffer lost income and physical and emotional distress. The district court dismissed the Martins' complaint with prejudice for failure to state a claim, and they now challenge the district court's decision on appeal. Because the district court did not err in determining that the Martins' amended complaint failed to state a claim and did not abuse its discretion in dismissing the action with prejudice, we affirm.

## FACTS

On October 2, 2021, the Martins and seven other people attended the Minnesota Renaissance Festival together.[1] They drove to the festival. Upon arrival, festival staff "directed" them to park their vehicles in a "remote lot" that was "approximately 3-4 miles away" from the festival grounds. The group was informed that a bus would shuttle them to and from the festival. Festival staff "indicated" that buses would run at "reasonable intervals," and "order[ed]" the group "not [to] attempt to walk" back to their cars at the end of the day.

At approximately 3:00 p.m., the group was ready to leave the festival. They waited for a shuttle bus to return them to the parking lot. While waiting, the group was exposed to "harsh elements, particularly heavy rains, cold and wind." The Martins "repeatedly

---

[1] When reviewing a district court's grant of a motion to dismiss, appellate courts accept the factual allegations in the complaint as true. *See Abel v. Abbott Nw. Hosp.*, 947 N.W.2d 58, 64 n.2 (Minn. 2020). Our summary of the facts is based on the Martins' amended complaint, which provided more detail about their alleged damages than the initial complaint filed in this matter.

requested assistance" from Mid-America staff. They were told a bus was "on its way" but was delayed due to "gridlock." A representative from the festival information desk told the Martins that they "should have known that a gridlock would happen since it had occurred the past three weekends." During the wait for the shuttle bus, the Martins also spoke with someone driving a golf cart. That person, who identified himself as responsible for festival security, refused to transport the group to the parking lot in the golf cart because the traffic delay "was not his problem" and "he was [only] . . . responsible for [security] *inside* the [festival] gate." After waiting three hours for the bus, which never arrived, an unidentified individual transported "a portion of the group (consisting of Patrick Martin, his wife and children) . . . by golf cart to the remote lot."

In August 2022, the Martins filed suit against Mid-America. Their complaint asserted that Mid-America was negligent because it "failed to provide adequate shelter" while they waited for the bus, "failed to accommodate the requests" for assistance when the bus was delayed, "failed to warn" festival attendees of the traffic problems, and misrepresented that transportation would be provided at "reasonable intervals." According to the complaint, because of Mid-America's negligence, the Martins suffered lost income and "emotional grief accompanied by physical manifestations."

Mid-America moved to dismiss the complaint, arguing that it failed to state a viable negligence claim. *See* Minn. R. Civ. P. 12.02(e). The Martins then filed an amended complaint, which further detailed their damages as including "pain, anguish, discomfort, physical chilling, shivering, wetness and continued symptoms of stress, emotional distress,

sleeplessness, headaches, [and] physical discomfort." Following a hearing, the district court granted Mid-America's motion and dismissed the amended complaint with prejudice.

The Martins now appeal.

## DECISION

The Martins raise three issues on appeal. First, they argue that the district court erred in dismissing their amended complaint for failure to state a claim. Second, they contend that the district court erred in considering Mid-America's motion to dismiss because it was filed *before* the amended complaint and Mid-America did not file a second motion to dismiss that specifically addressed the amended complaint. Third, they argue that the district court abused its discretion in dismissing the action with prejudice. We reject each of these challenges to the district court's decision.

**I. Because the Martins' amended complaint failed to state a claim for negligence, the district court did not err by dismissing it.**

The Martins first argue that the district court erred in dismissing their amended complaint for failure to state a claim.[2] They contend that the complaint contained sufficient allegations to give Mid-America notice of their negligence claim and that it was therefore sufficient.

A complaint must "contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for judgment for the relief sought." Minn. R. Civ.

---

[2] The Martins allege that the district court only considered the original complaint and not the amended complaint. But the district court's order dismissing the action specifically referenced the amended complaint. In reviewing de novo the district court's decision to dismiss the complaint, we also consider the amended complaint.

P. 8.01. "Minnesota is a notice-pleading state and does not require absolute specificity in pleading, but rather requires only information sufficient to fairly notify the opposing party of the claim against it." *Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 604-05 (Minn. 2014) (quotation omitted). However, a complaint must state a valid legal claim. Under rule 12.02(e) of the Minnesota Rules of Civil Procedure, a district court may, upon motion, dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." Minn. R. Civ. P. 12.02(e). Dismissal under rule 12.02(e) is only proper "if it appears to a certainty that no facts, which could be introduced consistent with the pleading, exist which would support granting the relief demanded." *Finn v. All. Bank*, 860 N.W.2d 638, 653 (Minn. 2015) (quotation omitted). It is "immaterial whether or not the plaintiff can prove the facts alleged." *Martens v. Minn. Mining & Mfg. Co.*, 616 N.W.2d 732, 739 (Minn. 2000).

Appellate courts review de novo whether a complaint sets forth a legally sufficient claim for relief under rule 12.02(e). *DeRosa v. McKenzie*, 936 N.W.2d 342, 346 (Minn. 2019). An appellate court considers only the facts alleged in the complaint, accepting those facts as true and construing all reasonable inferences in favor of the nonmoving party. *Id.*; *see also Sipe v. STS Mfg., Inc.*, 834 N.W.2d 683, 686 (Minn. 2013). But the appellate court is not bound by any legal conclusions stated in the complaint. *Finn*, 860 N.W.2d at 653-54.

The district court concluded that the Martins' amended complaint failed to state a claim for negligence and dismissed it pursuant to rule 12.02(e). To consider whether the district court erred, we first identify the elements of negligence.

"Negligence is the failure to exercise the level of care that a person of ordinary prudence would exercise under the same or similar circumstances." *Doe 169 v. Brandon*, 845 N.W.2d 174, 177 (Minn. 2014). To prove a claim of negligence, a plaintiff must establish that: (1) the defendant owed a duty of care, (2) the defendant breached that duty, (3) the plaintiff suffered harm, and (4) the defendant's breach was the proximate cause of that harm. *Johnson v. Paynesville Farmers Union Coop. Oil Co.*, 817 N.W.2d 693, 706 (Minn. 2012). "[W]ith respect to any element, if it is not 'possible on any evidence which might be produced, consistent with the pleader's theory, to grant the relief demanded,' the claim will be dismissed." *Noske v. Friedberg*, 670 N.W.2d 740, 743 (Minn. 2003) (quoting *Martens*, 616 N.W.2d at 739-40).

The district court determined that the Martins' amended complaint failed to state a negligence claim because it did not allege that Mid-America breached a duty of care. We agree.

"Generally, the existence of a legal duty is an issue for the court to determine as a matter of law." *Larson v. Larson*, 373 N.W.2d 287, 289 (Minn. 1985). The duty that one party owes to another depends, in part, on the relationship between the parties. *Smits as Tr. for Short v. Park Nicollet Health Servs.*, 979 N.W.2d 436, 445 (Minn. 2022) ("A legal duty depends 'on the relationship of the parties and the foreseeable risk involved.'" (quoting *Erickson v. Curtis Inv. Co.*, 447 N.W.2d 165, 168-69 (Minn. 1989))). The relationship between the Martins and Mid-America was that of business visitors and a business in possession of premises. We agree with the district court that this relationship is comparable to the relationship between invitees and a landowner. "Landowners have a

6

duty 'to use reasonable care for the safety of all such persons invited upon the premises.'" *Sutherland v. Barton*, 570 N.W.2d 1, 7 (Minn. 1997) (quoting *Peterson v. Balach*, 199 N.W.2d 639, 647 (Minn. 1972)). The duty to use reasonable care "encompasses the duty of making the premises safe as to dangerous conditions or activities upon the premises of which he knows, or of which he ought to have knowledge in the exercise of reasonable care." *Zuercher v. N. Jobbing Co.*, 66 N.W.2d 892, 894 (Minn. 1954). Thus, a landowner has a duty to an invitee to provide premises and activities that are safe, *Sutherland*, 570 N.W.2d at 7, and free of dangerous conditions, *Zuercher*, 66 N.W.2d at 894.

The Martins' amended complaint does not allege the existence of any facts regarding unsafe or dangerous conditions at the festival. *Cf. Staub as Tr. of Weeks v. Myrtle Lake Resort, LLC*, 964 N.W.2d 613, 617, 620 (Minn. 2021) (stating that a concrete stair that was "rough, rocky, and uneven, and . . . leaning, chipped, cracked, and weathered," and considered to be "in terrible shape" was a dangerous condition); *Carter v. W. Union Tel. Co.*, 133 N.W.2d 833, 834 (Minn. 1965) (stating wet sand on the floor of a dentist office was a dangerous condition); *Frykman v. Univ. of Minn. – Duluth*, 611 N.W.2d 379, 381 (Minn. App. 2000) (affirming a jury verdict finding defendant negligent for not clearing its property of snow and ice that caused plaintiff to slip and fall). Instead, the amended complaint asserts that there were unreasonable delays in returning the Martins to the parking lot, there was not adequate shelter provided for customers waiting for the bus in the elements, some members of the group were older or very young and were especially uncomfortable, and festival personnel were unhelpful. At best, a reasonable inference from these allegations is that the festival was inconvenient and unpleasant once the Martins and

7

their group decided to leave and the shuttle bus did not arrive. But the Martins cite no authority for the proposition that Mid-America had a duty to provide an enjoyable experience or even a reliable shuttle bus.

The Martins argue that Mid-America owed "a *higher* degree of care" because the festival was a place of public amusement. They rely on caselaw stating that the owner of a public amusement park has "an affirmative duty to make it reasonably safe for patrons," *Doe v. Brainerd Int'l Raceway, Inc.*, 533 N.W.2d 617, 621 (Minn. 1995), which includes taking "care and active vigilance in protecting their patrons against perils," *Lindgren v. Voge*, 109 N.W.2d 754, 758 (Minn. 1961). However, as noted, the amended complaint does not allege any "perils." *Cf. Hanson v. Christensen*, 145 N.W.2d 868, 877 (Minn. 1966) (refusing to disturb a jury verdict where a defendant, who owned a resort that contained a lake, was found liable for the injuries sustained by a minor who dove off a dock into shallow water and broke his neck); *Aldes v. Saint Paul Ball Club, Inc.*, 88 N.W.2d 94, 96 (Minn. 1958) (stating that baseball park did not have a duty to protect patrons from the peril of being hit with a baseball if they were given the choice between screened-in versus open seats and assumed the risk of sitting in an open seat); *Rieger v. Zackoski*, 321 N.W.2d 16, 23-24 (Minn. 1982) (discussing whether management was negligent when an unauthorized spectator drove his own car onto a racetrack). Thus, the amended complaint does not assert a breach of a duty of care for a place of public amusement.

The Martins also suggest that Mid-America assumed—and breached—a duty to ensure that patrons were timely returned to the parking lot by providing a shuttle bus and promising patrons that it would run at "reasonable intervals." "Minnesota recognizes that,

8

even though there is no duty in the first instance, if a person voluntarily assumes a duty, the duty must be performed with reasonable care or the person will be liable for damages." *Williams v. Harris*, 518 N.W.2d 864, 868 (Minn. App. 1994) (citing *Isler v. Burman*, 232 N.W.2d 818, 822 (Minn. 1975)), *rev. denied* (Minn. Sept. 28, 1994). Explaining the assumption of such a duty, the Restatement (Second) of Torts § 323 (1965) provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
> (a) his failure to exercise such care increases the risk of such harm, or
> (b) the harm is suffered because of the other's reliance upon the undertaking.

*See Ironwood Springs Christian Ranch, Inc. v. Walk to Emmaus*, 801 N.W.2d 193, 200 (Minn. App. 2011); *Isler*, 232 N.W.2d at 822 (applying Restatement (Second) of Torts § 323 in Minnesota); *Walsh v. Pagra Air Taxi, Inc.*, 282 N.W.2d 567, 570 (Minn. 1979). The Martins' amended complaint also fails to state a claim under this theory of liability. Offering a shuttle service to a remote parking lot is not a service that is "necessary for the protection" of a festival patron's "person or things." *Cf. Ironwood Springs Christian Ranch*, 801 N.W.2d at 200 (concluding defendant assumed duty of removing ice on the ground in a high traffic area at a ranch retreat); *Walsh*, 282 N.W.2d at 570 (concluding defendant assumed duty of providing fire protection at an airport). Moreover, a late shuttle bus to a parking lot does not create a foreseeable risk of physical harm. *See Smits*, 979 N.W.2d at 457 (stating that a party may owe a duty if there is a foreseeable risk of harm).

9

Although the Martins may have been justifiably annoyed by the late bus, their amended complaint does not state a claim for negligence against Mid-America. Because the amended complaint fails to set forth facts showing that Mid-America breached a duty of care, the district court properly dismissed the action.[3]

## II. The district court did not err by considering Mid-America's motion to dismiss even though it was filed before the Martins' amended complaint.

The Martins next argue that the district court erred by considering Mid-America's motion to dismiss because it preceded the amended complaint. They contend that Mid-America was required to file a renewed motion to dismiss once they amended the complaint. And because Mid-America did not again move to dismiss the complaint following the filing of the amended complaint, they assert that the district court's order dismissing the action is "a determination regarding the nonamended pleading."

We reject the Martins' argument for three reasons. First, they cite no authority that supports their argument. Second, we are aware of no such authority. And third, the Martins' assertion that Mid-America's failure to file a renewed motion to dismiss caused the district court to limit its analysis to the original complaint is contrary to the record,

---

[3] The Martins' brief also suggests, without argument or authority, that the amended complaint raises additional claims of negligent failure to warn, negligent misrepresentation, breach of contract, detrimental reliance, and estoppel. Given the absence of any legal argument or authority, we do not consider whether the amended complaint stated these additional claims. *See State, Dep't of Labor & Indus. v. Wintz Parcel Drivers, Inc.*, 558 N.W.2d 480, 480 (Minn. 1997) (stating that appellate courts will decline to reach issues that are inadequately briefed); *see also In re Tr. of Lawrence B. Schwagerl Tr. Under Agreement Dated Apr. 9, 1999*, 965 N.W.2d 772, 780 n.4 (Minn. 2021) ("An assignment of error based on mere assertion and not supported by any argument or authorities in [a party's] brief is waived and will not be considered on appeal unless prejudicial error is obvious on mere inspection." (quotation omitted)).

10

which shows that the district court considered whether the amended complaint stated a negligence claim.[4]  Accordingly, the district court did not err by ruling on Mid-America's motion to dismiss even though it was filed before the Martins amended their complaint.

## III. The district court did not abuse its discretion by dismissing the amended complaint with prejudice.

Finally, the Martins argue that the district court abused its discretion by dismissing their complaint with prejudice.

A district court has "wide discretion in determining whether dismissals shall be with or without prejudice." *Falkenstein v. Braufman*, 88 N.W.2d 884, 889 (Minn. 1958); *see also Kelbro Co. v. Vinny's on the River, LLC*, 893 N.W.2d 390, 398 (Minn. App. 2017). We will not reverse a district court's decision to dismiss a complaint with prejudice absent an abuse of discretion. *Kelbro Co.*, 893 N.W.2d at 398. "A district court abuses its discretion by making findings of fact that are unsupported by the evidence, misapplying the law, or making a ruling that is against logic and the facts in the record." *Woolsey v. Woolsey*, 975 N.W.2d 502, 506 (Minn. 2022).

A district court does not abuse its discretion by dismissing a complaint with prejudice when the complaint fails to state a claim upon which relief can be granted. *See Martens*, 616 N.W.2d at 748 ("We therefore hold that the respondents' complaint should be dismissed with prejudice and on the merits pursuant to appellant's Rule 12.02(e)

---

[4] At the outset, the district court's order states, "In a complaint filed August 30, 2022, *and amended October 24, 2022*, Plaintiffs claimed to have suffered damages as a result of the Defendant's negligence." (Emphasis added.)  The district court included a factual summary that was clearly based on the facts alleged in the amended complaint.

11

motion . . . ."); *Vesely, Otto, Miller & Keefe v. Blake*, 311 N.W.2d 3, 6 (Minn. 1981) ("The trial court's order dismissing appellants' complaint with prejudice for failure to state a claim upon which relief . . . could be granted is accordingly affirmed."); *O'Neil v. Swan*, 218 N.W.2d 457, 457 (Minn. 1974) ("Plaintiff . . . appeals from an order of the district court dismissing his complaint with prejudice for failure to state a claim upon which relief can be granted. We affirm."); *see also Rhoades v. Lourey*, No. A18-1120, 2019 WL 1006804, at *5 (Minn. App. Mar. 4, 2019) ("Given that dismissal with prejudice has been specifically directed by our supreme court for claims that fall far short of the established [pleading] requirements, the district court did not abuse its discretion." (quotations omitted)).

Here, the district court dismissed the Martins' amended complaint pursuant to rule 12.02(e) because it failed to state a claim. Given this basis for the dismissal, the district court did not abuse its discretion in dismissing with prejudice.

**Affirmed.**