J-S42031-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MONICA SPROUSE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL KELLER AND KIM KELLER, & | : | |
| DONALD NEILL AND RE/MAX ACTION | : | No. 2000 EDA 2019 |

Appeal from the Order Entered May 2, 2019
in the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2014-28686

BEFORE: PANELLA, P.J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:       **FILED: DECEMBER 29, 2020**

Monica Sprouse ("Sprouse") appeals from the Orders granting the Motions for summary judgment filed by Daniel Keller and Kim Keller (the "Kellers"), Donald B. Neill ("Neill"), and Re/Max Action ("Re/Max") (sometimes collectively referred to as "Defendants"), and dismissing Sprouse's Complaint with prejudice. We affirm.

On November 27, 2012, Sprouse injured herself in the home in which she and her family resided (the "Residence").[1] Sprouse fell while walking up

_____

[1] Sprouse was a minor at the time of her fall.

the stairs that connect the first floor to the second floor.[2]  Sprouse's mother, Cheryl Sprouse ("Cheryl"), rented the Residence from the Kellers.  Re/Max and Neill, an employee of Re/Max, managed rental of the Residence for the Kellers.

On October 23, 2014, Cheryl, on behalf of Sprouse, filed a Complaint in Personal Injury against the Kellers, alleging that the Kellers were negligent in, *inter alia*, failing to keep the stairs free of defects.  On June 2, 2015, the Kellers filed an Answer and New Matter.[3]  On November 16, 2016, the trial court granted Sprouse's Motion to amend her Complaint to include additional defendants, and to assert the claims on her own behalf instead of by and through Cheryl, because she had reached the age of 18.   On November 23, 2016, Sprouse filed an Amended Complaint against Defendants, restating the claims from her October 23, 2014, Complaint against the Kellers, and asserting the same claims against Re/Max and Neill.

On October 29, 2018, Defendants filed Motions for Summary Judgment, arguing that the evidence did not establish that they had

---

[2] Sprouse explains that the stairs "have an 'L' shaped design …, with a landing three (3) steps up from the first floor, and an additional nine (9) steps to reach the second floor. … The acident [*sic*] at issue occurred when [Sprouse] was walking up the initial 3 steps…."  Brief for Appellant at 8.  Sprouse claims that the stairs were defective because they lacked a handrail along the first three steps, and that the absence of a handrail caused her fall.  **Id.** at 8-15.

[3] Sprouse served the Complaint on the Kellers on March 9, 2015.

breached a duty of care owed to Sprouse. Specifically, the Kellers argued that they did not owe a duty of care to Sprouse, because they were out-of-possession landlords. Re/Max and Neill argued that they did not owe a duty of care to Sprouse, because they were not the owners of, nor responsible for maintaining, the Residence. On May 2, 2019, the trial court entered Orders granting Defendants' Motions for Summary Judgment. Sprouse filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Sprouse raises the following question for our review: "Did the lower court err and/or abuse its discretion when it granted [Defendants'] Motion[s] for Summary Judgment and dismissed [Sprouse]'s Complaint with prejudice?" Brief for Appellant at 4.

> In reviewing an order granting summary judgment, our scope of review is plenary…. An appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is *de novo*.

> Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a prima facie cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

J-S42031-20

***Gerber v. Piergrossi***, 142 A.3d 854, 858 (Pa. Super. 2016) (citation omitted).

Sprouse argues that the trial court erred when it granted Defendants' Motions for Summary Judgment. Brief for Appellant at 24-56. Regarding the Kellers' Motion, Sprouse acknowledges that landlords are generally not liable for injuries suffered by their tenants, but argues that an exception to this rule applies. ***Id.*** at 28-30. Sprouse cites ***Goodman v. Corn Exchange National Bank & Trust Co.***, 200 A. 642 (Pa. 1938), and claims that a landlord can incur liability "if the lessor fails to make repairs after having been given notice of and a reasonable opportunity to remedy a dangerous condition existing on the leased premises." Brief for Appellant at 28-29. Sprouse claims that the Kellers had actual or constructive notice that the stairs were defective. ***Id.*** at 34-39. Sprouse states that the Kellers had visited the Residence many times before the accident, and should have known that the lack of a handrail created a dangerous condition.[4] ***Id.*** at 31-34.

> The elements necessary to plead an action in negligence are: (1) **the existence of a duty or obligation recognized by law**, requiring the actor to conform to a certain standard of conduct; (2) a failure on the part of the defendant to conform to

---

[4] Sprouse also argues that an exculpatory provision found within the lease between Cheryl and the Kellers does not absolve the Kellers of liability. However, in light of our disposition, we need not address this claim.

that duty, or a breach thereof; (3) a causal connection between the defendant's breach and the resulting injury; and (4) actual loss or damage suffered by the complainant.

***Atcovitz v. Gulph Mills Tennis Club, Inc.***, 812 A.2d 1218, 1222 (Pa. 2002) (emphasis added).

The liability of a landlord to his tenant for injuries the tenant sustains on the premises is based upon the following principles:

(1) in the absence of any provision in the lease, a landlord is under no obligation to repair the leased premises, to see to it that they are fit for rental or to keep the premises in repair; (2) **a tenant takes the premises as he finds them and the landlord is not liable for existing defects of which the tenant knows or can ascertain by a reasonable inspection**; (3) a landlord out of possession, however, may be liable (a) where he conceals a dangerous condition of which he has knowledge and of which the tenant has no knowledge or cannot be expected to discover and (b) where he knows or should know of a dangerous condition and leases the premises for a purpose involving a 'public use' and has reason to believe the tenant will not first correct the condition; (4) a landlord of a multiple-tenanted building, reserving control of the common approaches, such as sidewalks, passageways, etc., or parts of the building common to all tenants, such as the roof and walls, is bound to keep such approaches and parts reasonably safe for the use of tenants and their invitees and a landlord becomes liable where he either had actual notice of a defective condition therein or was chargeable with constructive notice, because had he exercised reasonable inspection he would have become aware of it.

***Cholewka v. Gelso***, 193 A.3d 1023, 1031 (Pa. Super. 2018) (emphasis added).

Here, the Kellers were the landlords of the Residence. *See* Amended Complaint, 11/23/16, at ¶¶ 1-4 (stating that Sprouse resided at the Residence, and the Kellers were the "owner[s], operator[s], maintainer[s], possessor[s], lessor[s], lessee[s] and/or otherwise legally responsible for the care, control and or safety of" the Residence); Lease, 5/23/12, at 1 (identifying the Kellers as the Landlords and Cheryl as the tenant of the Residence). Additionally, the first three stairs did not contain a railing when Sprouse moved into the Residence, and Sprouse was aware that the first three steps lacked a railing. *See* N.T. (Deposition of Cheryl), 4/26/18, at 18 (wherein Cheryl stated that, because the first three stairs lacked a railing, she taught Sprouse how to safely walk up the stairs). Finally, Sprouse has not alleged that any of the above-stated exceptions apply.

Additionally, ***Goodman*** is inapplicable to the instant case. ***Goodman*** involved a personal injury claim that was filed by a business invitee against the landlord of a building. ***See Goodman***, 200 A. at 643. The ***Goodman*** Court stated that a landlord owes a duty of care to a *business invitee* where the landlord has been given notice of, and fails to remedy, a dangerous condition. ***Id.*** In the instant case, Sprouse was a tenant, not a business invitee. ***See Keck v. Doughman***, 572 A.2d 724, 728-29 (Pa. Super. 1990) (setting forth the difference between an "invitee" and a "tenant"). Accordingly, the Kellers did not owe a duty of care to Sprouse, and the trial

court did not err in dismissing Sprouse's Amended Complaint against the Kellers. **See Daley**, *supra*.

Regarding the Motion filed by Re/Max and Neill, Sprouse argues that the trial court erred in finding that Re/Max and Neill did not owe a duty of care to Sprouse. **See** Brief for Appellant at 39-42. Sprouse claims that Neill and Re/Max owe Sprouse a duty of care as rental agents for the Residence. **Id.**

Here, Sprouse makes bald assertions that Re/Max and Neill owe her a duty of care, without citing to any relevant legal authority or developing any meaningful argument. **See** Pa.R.A.P. 2119(a) (providing that an appellant's argument shall include "such discussion and citation of authorities as are deemed pertinent.") "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." **Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009). It is not the role of this Court to "formulate [an a]ppellant's arguments for him." **Id.** at 925. Because Sprouse has failed to establish that Re/Max and Neill owe her a duty of care, we conclude that the trial court did not err in dismissing Sprouse's Amended Complaint against Re/Max and Neill. **See Atcovitz**, *supra*; **Daley**, *supra*.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/29/20</u>